

**FILED**

JAN - 7 2008 rg
Jan 7, 2008
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID POWELL, )
)
　　　　Plaintiff, )
)　　**08CV0097**
v. )　　**JUDGE MANNING**
)　　**MAG.JUDGE KEYS**
GREENTREE, )
)
　　　　Defendant. )

## SECOND NOTICE OF REMOVAL

Defendant, Green Tree Servicing LLC (hereinafter, "Defendant"), in the matter of <u>Powell</u> <u>v. Greentree</u>, originally pending in the Sixth Municipal District, Circuit Court of Cook County, Illinois ("the Lawsuit"), hereby gives Notice of Removal of said cause to the United States District Court for the Northern District of Illinois. In support of its Second Notice of Removal, Defendant states as follows:

1.　　Plaintiff, David Powell ("Plaintiff"), commenced the Lawsuit against Defendant in the Circuit Court of Cook County, Illinois. On November 16, 2007, Defendant removed the Lawsuit to this Court based on Plaintiff's citation in his Complaint to the Fair Credit Reporting Act, 15 U.S.C.A. §1681s-2 ("FCRA"). On November 26, 2007, Judge Manning remanded the case to state court, finding no basis for federal question jurisdiction and specifically finding that the Complaint, as then written, alleged only state law claim for breach of contract and negligent misrepresentaiton. A copy of the November 26 Order is attached hereto as Exhibit A.

2.　　The Lawsuit was thereafter remanded to state court. On December 28, 2007, in response to Defendant's motion to dismiss his Complaint, Plaintiff filed his First Amended Complaint, a true and correct copy of which is attached hereto as Exhibit B.

3.    In his amended complaint, Plaintiff now makes clear that he is asserting federal claims under the Americans with Disabilities Act, the Fair Debt Collection Act, the Fair Credit Reporting Act, and the Eleventh Amendment of the United States Constitution. Specifically, Plaintiff alleges:

> The Defendant in this matter chose not only to delay the Plaintiff's requests but to bait the Plaintiff into defaulting on said loan for a time period of nearly six month's [sic], causing the Plaintiff undo hard ship [sic]. The [sic] exhibits list this harassment, in which *Defendant chose to violate the provisions of The Americans with Disabilities Act... The Defendant chose to violate the Fair Debt Collection Act and the provisions under The Fair Credit Reporting Act*, by not granting the Plaintiff's request for loan extension which can be construed has a historical record and relationship of express or implied contracts...
>
> In addition the *Plaintiff seeks protection under The Eleventh Amendment* of The United States Constitution, in which a request for dismissal cannot stand.

(Ex. B, emphasis supplied.)

4.    Additionally, Plaintiff appears to invoke the federal bankruptcy laws. More specifically, this case now appears to be, at least in part, a re-filing of a case previously dismissed by Judge Nordberg (Case No. 05 C 4284). Although Plaintiff now characterizes that dismissal as being "for improper filing," in fact the case was dismissed on the merits and Judge Nordberg held that "plaintiff's claims in the case are barred by the orders of the Bankruptcy Court." A copy of Judge Nordberg's dismissal order dated September 27, 2006 is attached hereto as Exhibit C.

5.    In his Amended Complaint, Plaintiff now appears to be challenging Judge Nordberg's prior dismissal of his claim:

> In addition the Defendant claims for pre bankrupcty protection and subsequent protection of Bankruptcy as filed iwith [sic] the Court clearly shows a high level of incompetent and negligent coroporate [sic] failure has the Defendant hiding behind there [sic] responsibility to the Plaintiff for request for said insurance under Bankruptcy Law.

(Ex. B.)

6. Thus, it is now clear that Plaintiff is asserting claims arising under federal law in the Lawsuit. The United States District Court for the Northern District of Illinois therefore has original jurisdiction under 28 U.S.C. § 1331 over Plaintiff's federal claims and over Plaintiff's state law claims pursuant to the principle of pendent jurisdiction.

7. The First Amended Complaint was filed on December 28, 2007 and Defendant received a copy thereof shortly thereafter. Pursuant to 28 U.S.C. §1446(b), this Second Notice of Removal is timely filed in this Court within thirty days after receipt of the First Amended Complaint. No other parties have been named as defendants in this matter.

8. Written notice of the filing of this Second Notice of Removal will be given to all adverse parties (i.e., Plaintiff) as required by law.

9. A true and correct copy of this Notice will be filed with the Clerk of the Circuit Court of Cook County, Illinois, as required by law.

10. Defendant files herewith and incorporate by reference a true and correct copy of all process, pleadings and orders served upon Defendant in the Lawsuit, attached hereto as Exhibit D.

WHEREFORE, defendant, Green Tree Servicing LLC, respectfully prays that this notice effect the removal of this action from the Sixth Municipal District, Circuit Court of Cook County, Illinois to this Court.

Respectfully submitted,

One of the attorneys for defendant, Green
Tree Servicing LLC

James D. Adducci
Marshall L. Blankenship
Adducci, Dorf, Lehner, Mitchell
 & Blankenship, P.C.
150 North Michigan Avenue, Suite 2130
Chicago, Illinois 60601
312/781-2800

4

A

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6503 | **DATE** | November 26, 2007 |
| **CASE TITLE** | *Powell v. Green Tree Servicing* | | |

**DOCKET ENTRY TEXT:**

For the reasons detailed in this order, this case is remanded to the Circuit Court of Cook County based on the lack of subject matter jurisdiction.

■[ For further details see text below.]

## STATEMENT

This matter is before the court pursuant to 28 U.S.C. § 1446(c)(4), which requires the court to examine notices of removal to determine if removal is proper. Here, pro se plaintiff David Powell sued defendant Green Tree Servicing in state court. As noted by Green Tree, Mr. Powell's complaint is not a model of clarity. Mr. Powell asserts that Green Tree breached a contract, and alleges that the breach of contract was willful, as that term is used in the Fair Credit Reporting Act. Mr. Powell attached exhibits to the complaint which reflect communications between Mr. Powell and Green Tree about his boat loan, his attempt to get an extension, and Green Tree's efforts to repossess the boat.

Green Tree contends that this complaint is removable because it attempts to assert a claim under the Fair Credit Reporting Act ("FCRA"). The court disagrees. The only mention of the FCRA is Mr. Powell's reference to the FCRA's definition of wilful. He does not appear to wish to state any sort of claim under the FCRA. Instead, he appears to wish to define the word "willful" using the FCRA definition. As evidenced by his allegations and the attached materials, however, his actual claims appear to be for breach of contract and negligent misrepresentation under state law.

Accordingly, the court finds that the complaint fails to state a claim arising under federal law. Because Green Tree, the removing defendant, has not provided any information about the parties' citizenship, the court cannot ascertain if diversity jurisdiction is proper. "When the papers filed in the district court do not establish subject-matter jurisdiction, remand is obligatory." *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1019 (7th Cir. 2004). This case is, therefore, remanded to the Circuit Court of Cook County based on the lack of subject matter jurisdiction.

| | Courtroom Deputy Initials: | RTS/c |
|---|---|---|

B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
SIXTH MUNCIPAL DISTRICT

MR. DAVID POWELL

    ]

PLANTIFF     ]      CASE NO. 07 M6 5396
            VS.    ]

    ]

CONSECO-GREENTREE     ]

    ]

DEFENDANT     ]

## PLANTIFF'S FIRST AMENDED COMPLAINT

I Mr. David Powell submit this amended complaint under the Civil Rule
Procedure, to include all exhibits and statements of the orginal compla

The Plantiff and Defendant entered into a contract on or about May 21st 19
The Plantiff became disabled on or about March 23rd 2000, The Plantiff had in
the past before becoming disabled had requested said disability insurance on
this contract. A Court filing Case No. 03 M6 171 was dismissed stating that
Water Wers Boat sales had assigned all rights to Conseco-Greentree under
contract.

The Plantiff  entered into loan extension contracts with the Defendant since the
Disability in which the Plantiff would request said loanextension contracts and
was granted said requests at once. The Defendant in this matter chose not only
to delay the Plantiff's requests but to bait the Plantiff into defaulting on said loan
for a time period of nearly six month's, causing the Plantiff undo hard ship.
the exhibits list this harrasment, in which the Defendant chose to violate the
provisions of The Amercians with Disabilities Act,Sec.42 U.S.C.12203 which
states in part Prohibition Against Retalation--- No person shall discriminate
against any individual who has made a charge, testified, or particpated under
this Act. The Defendant chose to violate the Fair Debt Collection Act and the
provisions under The Fair Credit Reporting Act, by not granting the Plantiff's
request for loan extension which can be construed has a historical record and
relationship of express or implied contracts.(Holmes mirror image contract law)

The Plantiff in seeking relief filed in the Northern District Of Illinois in which
said filing was set for status before Hon Judge Shadur, and became lost for
nearly a year and was assigned to Hon Judge Nordberg, in which said
complaint was dismissed for improper filing. In addition the Defendant claims
for pre bankrupcty protection and subsequent protection of Bankruptcy as
filed iwith the Court clearly shows a high level of incompetent and negligent
coroporate failure has the Defendant hiding behind there responsibility to the
Plantiff for request for said insurance under Bankruptcy Law.

the Defendant's request for dismissal as stated line item 4, cannot stand as
The Plantiff quotes Rule 8(a){2}. short and plain statement of claim shall not
be dismissed as long as it is intelligible and gives said notice of relief and
claims. Bennet vs. Schmidt 153 f.3d 516-518 (7th Cir.1998).
In addition the Defendant's requests for dismissal shall be denied under Rule
8 (a)(2) The Plantiff must set forth enough details to provide the Defendant
with a fair idea of the complaintand grounds for recovery,Ryan vs. Mary-

Immaculate Queen Ctr. 188 F.3d 857,859-860(7thCir.1999). In addition the
Plantiff seeks protection under The Eleventh Amedment of The United States
Constitution, in which a request for dismissal cannot stand. PM 1:54

The Defendant capricously and arbitrairly has furthered breach of the contract
of 1998, by refusing to send proper biling for the past three months, which
the Plantiff states this ongoing harassment and retaliation is evident in action

The Plantiff Prays the Court for relief as stated in the orginal complaint and any
other means the Court finds equitable and just.

Respectfully Submitted
Mr. David Powell

C

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 4284 | **DATE** | 9/27/2006 |
| **CASE TITLE** | David Powell vs. Conseco-Greentree | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss is granted.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

---

### STATEMENT

Before the Court is defendant Green Tree Servicing LLC's motion to dismiss plaintiff's first amended complaint. Green Tree argues, among other things, that plaintiff's claims, which arise out of a 1998 purchase of a boat and the subsequent assignment of a retail installment contract in 2000, are barred by the December 2002 Chapter 11 filing of Conseco Servicing and related companies. In the Conseco Bankruptcy, the Bankruptcy Court entered certain orders which among other things barred the pre-sale claims arising from the conduct of Conseco Servicing. Green Tree now argues that plaintiff's claim for breach of contract is based on pre-bankruptcy conduct and is barred by the orders of the Bankruptcy Court and therefore should be dismissed. Green Tree has submitted a 7-page brief and numerous documents to support its claim. Plaintiff, who is proceeding pro se, has been given two opportunities to file a response brief and has not filed one. This Court has reviewed the arguments set forth by Green Tree and agrees that plaintiff's claims in this case are barred by the orders of the Bankruptcy Court. Accordingly, defendant's motion to dismiss is granted.

D

Complaint Verified  (This form replaces t   2-04)                                    CCM N608-50M-2/28/05 (A3480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MR DAVID POWELL
                                        **Plaintiff(s)**

GREENTREE
500 LANDMARK TOWER
345 ST PETER ST.
ST PAUL MN 5510   **Defendant(s)**

No. 07 M6 5396

Contract _____

Amount Claimed $ 50,000 + C G

Return Date _____

### COMPLAINT

DATE 07 OCT 31
DOROTHY
CLERK OF THE

The Plaintiff(s) claim(s) as follows:

I Mr. David Powell Plaintiff Pro-Se Motions the Court under the Civil Rules of Procedure for the Defendant's Breach of Contract for loan extension on account No. 147716724 as promised. The Defendant's Negligent Misrepresentation on an express contract agreement 110.21 contracts has caused the Plaintiff undo hardship. The Defendant has shown the propensity in the past to honor said loan extensions after the Plaintiff's date of disability in which the Defendant has denied the Plaintiff's request for insurance on said account, listed in the exhibits before the Court . In support of my Motion of Complaint the term wilful as used in the Fair Credit Reporting Act by knowingly and intentionaly commiting an act in concious disregard for the rights of others. Wiggns vs. Equifax D.D.C.1993,848 F.Supp.213. The Plantiff Prays the Court for relief in this matter for the sanction as listed and any other means the Court finds equitable and just.

Respectfully Submitted
Mr. David Powell Plaintiff Pro-Se

I, DAVID POWELL , certify that I am the PLAINTIFF
        (Name)                                              (Name of Attorney if applicable)
plaintiff in the above entitled action.  The allegations in this complaint are true.

Atty. No.: PRO SE      Pro Se  99500            Dated: 10-36-07

Atty. (or Pro Se Plaintiff)

Name: DAVID POWELL

Address: PO BOX 5282                          Signature

City/State/Zip: HARVEY, ILL 60438

Telephone: 708 1701 1608

☐ Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above signed certifies that the statements set forth herein are true and correct.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

EXHIBIT 1

Conseco
500 Landmark Towers
345 St. Peter St.
St. Paul, Minn
55102-1641

December 15th 2000

Director;
This letter is my request of information on your companys policy concerning
disability insurance on boat loans and motorcycle loans.
When the orginel purchase contract is signed and insurance is taken out, what
party is responsible for these payments?, is it Conseco or does Conseco have
its own insurance carrier for these loans?, or is it the retailers responsibility?
I hope your office can clarify these matters for me.

Thank-You
Mr. David Powell

Mr. 3_____ Powell

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Conseco
500 LANDMARK TOWERS
345 ST. PETER STREET
ST. PAUL MINN
55102-1641

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
X                                        ☐ Agent
                                         ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number (Copy from service label)

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-M-0952

EXHIBIT 2

Mr. David Schwartz                                      April 25th 2007
Greentree Servicing
345 St. Peter Street
St. Paul, Minn 55102

Mr. Schwartz;

I was instructed to write concerning an extension request on my boat loan.
the represenative's name is Angela, no last name was given this writer.
I believe she can be located in the loan division. I find this unusual as I in the
past normally would recievo a two month extension simply by requesting it.
There was mention of past litigation, hence her instructions to write you.

I did explain to Angela, that in the past no matter the level of litigation. I was
granted the extension. As of this date the loan payment is 25 days late, in
previous requests I was told the loan had to be 30 days late,upon which the
documents for the two month extension would be sent by fascimile. I am now
wondering if I will be given the same opportunity for said extension, and if not
a reason for any denial of my request herein. My account No. is 147716724,
please inform this writer as to the status of my request.

                                            Thank-You
                                            Mr. David Powell
                                            P.O. Box 5282
                                            Lansing, ILL 60438

Sent V.I.A. U.S. Reg Mail
Reciept No. 7006 0100 0037 0066 8977



U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

| | |
|---|---|
| Postage | $ $0.39 |
| Certified Fee | $3.40 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $2.79 |

Sent To GREEN TREE SERVICING
Street, Apt No.; or PO Box No. 345 ST PETERST
City, State, ZIP+4 ST. PAUL, MINN 55102

PS Form 3800, June 2002



TELEPHONE VOICE MAIL TRANSCRIPTION PLANTIFF'S PHONE
BY CONSECO -GREENTREE EMPLOYEE ANGELICA EXT 34211

HELLO THIS CALL IS FOR DAVID POWELL THIS IS ANGELICA WITH
GREENTREE IT IS VERY IMPORTANT THAT YOU RETURN MY CALL
THIS IS REGARDING AH THE PICKUP OF THE BAYLINER BOAT AND
TRAILER I NEED YOU TO CONTACT ME REGARDING THIS APPOINMENT
MY NUMBER IS 888 800 9756 AND MY EXTENSION IS 34211 IT IS VERY
IMPORTANT THAT YOU RETURN MY CALL THANKYOU.

MESSAGE RECIEVED ON THE 29TH OF OCTOBER PLANTIFF'S VOICEMAIL
TO REPOSESS.

EXHIBIT 4

**TELEPHONE VOICE MAIL TRANSCRIPTION PLANTIFF'S PHONE
BY CONSECO-GREENTREE EMPLOYEE BETES EXT 33877**

THIS MESSAGE IS FOR DAVID POWELL THIS MR BETES WITH
GREENTREE I NEED FOR YOU TO RETURN MY CALL TODAY
AS SOON AS POSSIBLE TODAY IS TUESDAY OCTOBER 30TH
THE NUMBER IS 888 800 9756 EXT 33877 THANKYOU

MESSAGE RECIEVED ON THE 30TH OF OCTOBER PLANTIFF'S VOICEMAIL
REQUESTING THE SAME INFORMATION FOR LOAN EXTENSION

**NationalCity**

National City Bank
Munster Office
9175 Calumet Avenue
Munster, IN 46321
(219) 836-2403

EXHIBIT S

October 30, 2007

Re: Check by phone completed by David Powell

To: Greentree (Conseco)

To Whom It May Concern,

This letter is to acknowledge that , I, Tony Santana, verified Mr. Powell's bank account #, and National City Banks routing # for the purpose of paying a check by phone.

I spoke with a representative from Greentree
to confirm Mr. Powell's check by phone information.

If you have any questions I can be reached at 219-836-2403 of by email at louis.santana@nationalcity.com.

Sincerely,

Tony Santana
Vice President
Manager
Munster Banking Center

### AFFIDAVIT OF MR. DAVID POWELL

I Mr. David Powell being over the age of eighteen and duly sworn do hereby submit this affidavit and if called to testify on its contents would freely do so. On the 29th of October 2007 I recieved a voicemail message as listed in exhibit 3, I returned the call and asked the question is it your intent to start reposession? I was instructed to call Mr. Betes, I informed Angelica I had a dental appointment. On the October 30th 2007 I called Mr. Betes and informed I was under Doctors care. mr. Betes went into his request for the same information previously given to him, Mr. Betes the informed me that a sum of money was to be sent in the amount of 105.47, I asked Mr. Betes about his guarantee of this loan extension and reminded him the conversation was witnessed.Mr. Betes ignored this. Mr. Betes called again and told me he had made a mistake, I was now told by Mr. Betes I was to remit a sum of 97.56, I again reminded Mr. Betes of his quarantee of the 25th, Mr. Betes again ignored his promise of a loan extension.

Affiant Further Saith Not
M r. David Powell Plantiff Pro-Se

AFFIDAVIT OF MR.CARL HASLER

I Mr. Carl Hasler, being over the age of eighteen and duly sworn do hereby submit this affidavit and if called testify on its contents would freely do so. On the twentyfourth of October 2007, I was a witness to conversation between Mr. David Powell and an employee of a finance company known as Bates. In this conversation Mr. Powell informed employee Bates no fewer than three times that I Mr. Carl Hasler would witness this conversation, Bates was clearly aware of this and commented to Mr. Powell {Bates Quote; Don't put me on the spot} Mr. Powell asked if there were any attempts to repossess his boat and trailer, and asked Bates the date of his request for a loan extension. {Bates Answer quote} your loan extension is approved for the twentyfifth of October 07. Mr. Powell then asked again about repossession {Bates Quote there will be no repo activity.}

                                          Affiant Further Saith Not

                                          Mr. Carl Hasler

                                          Carl Hasler

# DEFERRED PAYMENT
## ADDENDUM TO
### CONSUMER FINANCE RETAIL INSTALLMENT CONTRACT
### AND SECURITY AGREEMENT

*Fax# 1-800-247-7353*
*Attn: Heather S.*

We the undersigned do hereby agree to the following terms incorporated into the Consumer Finance Retail Installment Contract and Security Agreement (hereinafter "Contract") dated __5/21__ 199**8** and entered into between __David N. Powell__ (hereinafter "Buyer") and __WaterWerks Boat Sales, Inc.__ (hereinafter "Seller") and assigned to Green Tree Financial Servicing Corporation (hereinafter "Green Tree") for the purchase of a __New 1998 Bayliner Trophy 2052, Mercury 4.3 Motor, Escort BT22GAS Trailer__ (year, make, model, description of goods).

Buyer(s) agree the first payment due under the contract will be deferred for __120__ days. ("Deferral Period") so that the payments in the amount of $ __296.55__ shall be paid starting approximately __120__ days from the Contract date and will be paid thereafter each month until all the payments have been made.

Buyer(s) further agree the interest stated in the Contract shall begin to accrue on the outstanding unpaid balance of the Contract from the date of the Contract. Therefore, interest will accrue during the __120__ day Deferral Period. Your monthly payments will be allocated to payment of interest accrued during this Deferral Period and any other accrued interest until the accrued interest is repaid. When the accrued interest is repaid, the monthly payments will be allocated to the unpaid principal balance and interest according to the Contract.

This addendum to the Contract will be in full force and effect as of the day signed below. Except as hereby amended, all of the terms of the Contract shall remain in full force and effect.

__5-21-98__
Date

Buyer

Date

Buyer

__5-21-98__
Date

Seller

*Thanks!*

JUN-19-98 FRI 10:15 AM          17087889799          P. 01

GT-82-14-001 (1/97)

## RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

**Buyer (Name and Address)**
David R. Orr
1612 166th St.
Lansing, IL 60438

Waterworks '' at Sales, Inc.
18660 S. Cicero Ave.
Country Club Hills, IL 60478

"Your" and "your" mean each Buyer above, and each guarantor, jointly and individually.

"We" and "us" mean the Seller above, its successors and assigns.

**SALE:** You agree to purchase, from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the goods (Goods) and services described below. The Goods are sold in their present condition, together with the usual accessories and attachments.

| Description of Goods or Services Purchased | Serial or Unit No. | Motor or Cabinet No. | Prop of Each Unit |
|---|---|---|---|
| New 1998 Bayliner Trophy 2052 | Serial# USCA19NTK798 | | |
| New 1998 Mercruiser 4.3 Motor | Serial# OL040843 | | |
| New 1998 Escort ST23GAB Trailer | Serial# 405223LAOWM000019 | | |

Description of Other Collateral
(Not household goods)

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the Amount Financed as disclosed below, plus finance charges accruing on the unpaid balance at the Annual Percentage Rate disclosed below per year from today's date until paid in full. Finance charges accrue on a 365 day basis. You agree to pay this Contract according to the payment schedule shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.
**MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ ____-0-___ if you pay this Contract in full before we have earned that much in finance charges.
**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 1,152.50 |
|---|---|---|---|---|
| 10.00 % | $ 26,431.40 | $ 26,951.59 | $ 53,382.99 | $ 54,535.49 |

| Payment Schedule: Your payment schedule will be: | | |
|---|---|---|
| **Number of Payments** | **Amount of Payments** | **When Payments Are Due** |
| 180 | $296.58 | Monthly Payments Beginning 09/20/98 |

**Security:** You are giving a security interest in the Goods purchased.
☐ (description of other property) _____

**Prepayment:** If you pay off this Contract early, you may have to pay a Minimum Finance Charge, and you will have to pay an acquisition fee.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverage you have chosen to purchase.

Credit Life: Insured _____
☐ Single ☐ Joint Prem. $ _N/A_ Term _____

Credit Disability: Insured _____
☐ Single ☐ Joint Prem. $ _N/A_ Term _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

Buyer: _N/A_ Date: Buyer: _N/A_ Date

Buyer: _N/A_ Date

☐ **PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide this insurance through any insurance company reasonably acceptable to us. The deductible amount of this insurance may not exceed $ _N/A_. If you got insurance from or through us you will pay $ _N/A_ for _____ of coverage.

This premium is calculated as follows:
☐ Fire-Theft and Combined Additional Coverage $ _N/A_
☐ _____ $ _N/A_
☐ _____ $ _N/A_

### ITEMIZATION OF AMOUNT FINANCED

| Goods and/or Services Price | | $ 27,951.59 |
|---|---|---|
| (including sales tax of $ ____ ) | | |
| Service Contract, Paid to: _N/A_ | | |
| | **Cash Price** | $ 27,951.59 |
| Less: Manufacturer's Rebate | | $ 17,000.00 |
| Less: Cash Down Payment | | 152.50 |
| Trade-In Allowance $ ____-0-____ | | |
| Less: Amount Owing $ ____-0-____ | | |
| To: _N/A_ | | |
| | **Net Trade-In** | $ ____-0-____ |
| | **Total Down Payment** | $ 1,152.50 |
| | **Unpaid Balance of Cash Price** | $ 26,799.09 |
| (Cash Price Less Total Down Payment) | | |
| Paid to Public Officials - Filing Fees | | $ 152.50 |
| Insurance Premiums | | $ ____-0-____ |
| Paid to Seller - Document Prep Fee | | $ ____-0-____ |
| To: _____ | | $ ____-0-____ |
| To: _____ | | $ ____-0-____ |
| To: _____ | | $ ____-0-____ |
| To: _____ | | $ ____-0-____ |
| | **Total Other Charges** | $ 152.50 |
| (including Amounts Paid to Others on Your Behalf) | | |
| | Less: Prepaid Finance Charges | $ ____-0-____ |
| | **Amount Financed** | $ 26,951.59 |
| (Unpaid Balance of Cash Price Plus Other Charges) | | |

**NOTICE TO THE BUYER**
(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to an exact copy of the agreement you sign. (3) Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS RETAIL INSTALLMENT CONTRACT.

Buyer _____
Signature _[signature]_ Date 5-21-98

Signature _____ Date

Signature _____ Date

**EXECUTION AND ASSIGNMENT:** This Contract and Security Agreement is executed by the Seller and assigned to Green Tree Financial Servicing Corporation, 332 Minnesota Street, St. Paul, MN 55101; the Assignee, phone 1-800-241-3040. This assignment is made under the terms of a separate agreement.

Seller By _[signature]_ Date 5-21-98

ILLINOIS RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT.

© 1998 Bankers Systems, Inc., St. Cloud, MN, Form GTC-IL-SI-IL, 1/29/97

GT-82-14-001 (1/97) (page 1 of 2)

GOODS AND SERVICES – NOT FOR HOME IMPROVEMENT OR MANUFACTURED HOMES

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Goods and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Goods and any services if you buy them over time. You agreed to purchase the items over time, the Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not entitle you to defer any payment in the future. You agree to pay a $12.00 acquisition fee if you prepay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Goods purchased and any other collateral described above, and all accessions, attachments, accessories, and equipment placed in or on the Goods or other collateral, together naked Property, and proceeds of the Property. Our interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or attached to the Goods. We may insert the identifying number or marks of the Property and the due date of the first installment of the Property is delivered after you sign this Contract.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:

A. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.

B. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.

C. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.

D. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent. You will not permit the Property to become attached to any real estate without first providing us an opportunity to preserve our first priority status.

E. You will pay all taxes and assessments on the Property as they become due

F. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

A. You fail to perform any obligation that you have undertaken in this Contract.

B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs and reasonable attorneys' fees as permitted by a court of law, that we incur to collect or enforce this Contract, and fees for repossession, repair, storage and sale of the Property securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, subject to any right to cure that you may exercise, we have all of the remedies provided by law and this Contract.

A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges when you are in default on this Contract. You have 30 days or if you have abandoned or destroyed the Property or if we have reasonable cause to believe that you are about to leave the state.

B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY and PAYMENT TERMS section until paid in full.

C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.

E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**ARBITRATION:** All disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration by one arbitrator selected by us with your consent. This arbitration agreement is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes through a court, but that they prefer to resolve their disputes through arbitration, except as provided herein. **THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY US (AS PROVIDED HEREIN).** The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this agreement. The parties agree and understand that the arbitrator shall have all powers provided by the law and the Contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything herein to the contrary, we retain an option to use judicial or non-judicial relief to enforce a security agreement relating to the property, goods or services secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the property, goods or services or to foreclose on the property, goods or services. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement, shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by us pursuant to this provision.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

**COLLATERAL PROTECTION INSURANCE NOTICE:** Unless you provide us with evidence of the insurance coverage required by your agreement with us, we may purchase insurance at your expense to protect our interests in your collateral. This insurance may, but need not, protect your interests. The coverage that we purchase may not pay any claim that you make or any claim that is made against you in connection with the collateral. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained insurance as required by our agreement. If we purchase insurance for the collateral, you will be responsible for the premiums for that insurance, including interest and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The premiums may be added to your total outstanding balance or obligation. The premiums may be more than the premiums for insurance you may be able to obtain on your own.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

A. You must pay this Contract even if someone else has also signed it.

B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.

C. We may release any security and you will still be obligated to pay this Contract.

D. If we give up any of our rights, it will not affect your duty to pay this Contract.

E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner, or, (3) give notice that we intend to make, or are making, this Contract immediately due, subject to the limitations described in the REMEDIES section.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

# GREEN TREE

Date: 5/26/98

Dear Customer: DAVID M. POWELL

We would like to take this opportunity to welcome you as a customer of Green Tree. As you know we have been selected to handle your new retail installment contract. We are happy to have you as one of our valued customers and want to thank you for this opportunity to serve you.

The Notice of Assignment printed below is for your information. Perhaps you will want to retain it with your copy of the contract for future reference.

Our job is to look after your needs personally and help you in any way we can. If you have any problems or questions about your account, please get in touch with us.

Sincerely,

HEATHER STENE  82625

## NOTICE

We may communicate information about you to one or more of our affiliate corporations which are owned or controlled by Green Tree Financial Corporation. Under the federal Fair Credit Reporting Act, you have a right to prevent this communication of information about you, except for the communication of information relating solely to your credit transaction with us or our experiences with you. You may direct us not to communicate information about you to our affiliates by sending a written request to the address below.

We may also furnish information about your account to one or more consumer reporting agencies (credit bureaus). If you dispute the accuracy or completeness of information furnished by us, please send a detailed written statement regarding your dispute to:

Green Tree Financial
P.O. Box 64135
St. Paul, MN 55164-0135

## NOTICE OF ASSIGNMENT

_____("Green Tree"), has purchased a retail installment contract from WATERWERKS BOAT SALES, INC._____. Your contract calls for __180__ monthly payments of $ __296.55__ beginning _____9/25/98_____.
Payments should be made to Green Tree with the statement and envelope provided to you monthly. All correspondence should be directed to: Green Tree, Consumer Finance Division, 332 Minnesota Street, Suite 620, St. Paul, MN 55101_____.

Your account number with Green Tree is ___14771672-4___ and should be referenced on all correspondence. If you have not recieved your invoice by the time your first payment is due, please use the following "coupon" and enclosed envelope when sending your initial payment to our office.

...............................................Detach Here for Payment...............................................

# GREEN TREE

|  |  | _____9/25/98_____ |
|---|---|---|
|  |  | **Due Date** |
| Name | DAVID M. POWELL | Payment Amount ____296.55____ |
|  |  | Total _____ |
| Address | 1612 186TH ST | |
|  | LANSING          IL 60438 | Account Number __14771672-4__ |

CONSUMER FINANCE -  CENTRAL

JCWELZZ1
GT-35-00-003 (11/97)

Buyer (Name and Address)

1612 186t
Lansing, IL 60438

Seller (Name and Address)
, Inc.
18660 S. Cic      Ave.
Country Club Hills, IL 60478

"You" and "your" mean each Buyer above, and
each guarantor, jointly and individually.

"We" and "us" mean the Seller above, its successors and assigns.

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the goods (Goods) and services described below. The Goods are sold in their present condition, together with the usual accessories and attachments.

| Description of Goods or Services Purchased | Serial or Unit No | Motor or Cabinet No | Price of Each Unit |
|---|---|---|---|
| New 1998 Bayliner Trophy 2052 | Serial# USCA19rtK798 | | |
| New 1998 Mercruiser 4.3 Motor | Serial# 0L040843 | | |
| New 1998 Escort 8722GAB Trailer | Serial# 405222LAO#A000019 | | |

Description of Other Collateral
(Not household goods)

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the Amount Financed as disclosed below, plus finance charges accruing on the unpaid balance at the Annual Percentage Rate disclosed below per year from today's date until paid in full. Finance charges accrue on a 365 day basis. You agree to pay this Contract according to the payment schedule shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ _—0—_ , if you pay this Contract in full before we have earned that much in finance charges.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED.

**TRUTH IN LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 1,152.50 |
|---|---|---|---|---|
| 10.00 % | $ 26,431.40 | $ 26,951.59 | $ 53,382.99 | $ 54,535.49 |

Payment Schedule: Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 180 | $296.55 | Monthly Payments Beginning    09/ 20/98 |

**Security:** You are giving a security interest in the Goods purchased.
☐ (description of other property) _____

**Prepayment:** If you pay off this Contract early, you may have to pay a Minimum Finance Charge, and you will have to pay an acquisition fee.

**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

Credit Life: Insured _____
☐ Single ☐ Joint Prem $ N/A _____ Term _____
Credit Disability: Insured _____
☐ Single ☐ Joint Prem $ N/A _____ Term _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

Buyer ___N/A___ Date _____ Buyer ___N/A___ Date _____

Buyer ___N/A___ Date _____

☐ **PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide this insurance through any insurance company reasonably acceptable to us. The deductible amount of this insurance may not exceed $ N/A . If you get insurance from or through us you will pay $ N/A for _____ of coverage.

This premium is calculated as follows:
☐ Fire-Theft and Combined Additional Coverage $ N/A
☐ _____ $ N/A
☐ _____ $ N/A

**EXECUTION AND ASSIGNMENT:** This Contract and Security Agreement is executed by the Seller and assigned to Green Tree Financial Servicing Corporation, 332 Minnesota Street, St. Paul, MN 55101, the Assignee, phone 1-800-241-3040. This assignment is made under the terms of a separate agreement.

Seller: By _____ Date 5-21-98

ILLINOIS RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

© 1996 Bankers Systems, Inc., St. Cloud, MN Form ILIO-8198-IL 1/9/97

**ITEMIZATION OF AMOUNT FINANCED**
Goods and/or Services Price ........................... $ 27,951.59
(including sales tax of $ 1,866.59 )
Service Contract. Paid to: N/A ...................... $ _—0—_
                          Cash Price $ 27,951.59
Less: Manufacturer's Rebate ...................... $ 1,000.00
Less: Cash Down Payment .......................... $ 152.50
Trade-In Allowance       $ _—0—_
Less: Amount Owing       $ _—0—_
To:                      N/A
                          Net Trade-In $ _—0—_
                     Total Down Payment $ 1,152.50
         Unpaid Balance of Cash Price $ 26,799.09
           (Cash Price Less Total Down Payment)
Paid to Public Officials - Filing Fees ............. 152.50
Insurance Premiums ................................ $ _—0—_
Paid to Seller - Document Prep Fee ................. $ _—0—_
To: _____ ......................................... $ _—0—_
To: _____ ......................................... $ _—0—_
To: _____ ......................................... $ _—0—_
To: _____ ......................................... $ _—0—_
                   Total Other Charges $ 152.50
      (including Amounts Paid to Others on Your Behalf)
           Less: Prepaid Finance Charges $ _—0—_
                      Amount Financed $ 26,951.59
(Unpaid Balance of Cash Price Plus Other Charges)

**NOTICE TO THE BUYER**
(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to an exact copy of the agreement you sign. (3) Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS RETAIL INSTALLMENT CONTRACT.

Buyer: _____
Signature _____ 5-21-98 Date

_____
Signature _____ Date

_____
Signature _____ Date

GOODS AND SERVICES – NOT FOR HOME IMPROVEMENT OR MANUFACTURED HOMES

Motion - General Form (This form replaces CCMD-39)                    CCG N702-150M-1/21/04 (3335092)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MR. DAVID POWELL
_____
**Plaintiff(s)**

GREENTREE
LANDMARK TOWERS
345 ST. PETER STREET
ST. PAUL. MN55102
**Defendant(s)**

No. 07 M6 5396

TO: GREENTREE _____

**MOTION BY** PLAINTIFF  **FOR** SERVICE OF SUMMONS

PURSUANT TO 735 ILCS SERVICE OF
SUMMONS BY MAILING AS THE DEFENDANTS
ADDRESS IS OUT OF THE GEOGRAPHICAL
BOUNDRIES OF THE COUNTY OF COOK
STATE OF ILLINOIS

I (We) do hereby certify that a copy of this instrument was served upon all parties who have appeared
and have not previously been found by the Court to be in default for failure to plead.

Dated: ____10-31____, __07__

Attorney Certification

Atty. No.: 130 20
Name: DAVID POWELL
Atty. for:
Address: P.O. BOX 5398
City/State/Zip: ANSING, ILL 60438
Telephone: 708 474-1805

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ORDER

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

MR DAVID POWELL

No. 07 m 65396

GREENTREE
300 LANDMARK TOWERS
345 ST. PETER ST.
ST. PAUL MINN 55102

ORDER

IN THE MATTER OF POWELL vs. GREENTREE
IT IS HEREBY ORDERED

(1) THE DEFENDANT WILL CEASE ALL EFFORTS
TO REPOSSESS THE PLAINTIFFS BOAT/TRAILER
UNTIL THE STATUS DATE IN WHICH
BOTH PARTIES ARE PRESENT

(2) THE DEFENDANT WILL CEASE ALL
PHONE CALLS AND VOICEMAILS TO
THE PLAINTIFF

Atty. No. : Pro Se

Name : DAVID POWELL                    10 31 07

Atty. for : Pro Se

Address : P.O. BOX 5282                ENTER:

City/State/Zip : LANSING ILL 60438

Telephone : 703 424 1848        Judge:              Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY ILLINOIS

CCG N002-300M-1/28/02 923360065)

(This form replaces CCM 0009)                          CCG N00   200M-6/5/03(       )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MUNICIPAL **DEPARTMENT/** SIXTH **DISTRICT**

| | |
|---|---|
| DAVID POWELL | No. 07 M6396 |
| _____ **Plaintiff** | Claimed $: 50,000.00 + Court Cost |
| v. | Return Date: 12/5/07 |
| GREENTREE | Court Date: 12/15/07 |
| _____ **Defendant** | Room No.: 208 |
| | 16501 S. Kedzie Parkway, Markham, IL |
| | **Address of Court District for Filing** |

### APPEARANCE AND ~~JURY DEMAND*~~

☑ **General Appearance**
    ☐ 0900 - Fee Paid    ☐ 0909 - No Fee
    ☐ 0904 - Fee Waived    ☐ 0908 - Trial Lawyers Appearance - No Fee

~~☐ Jury Demand*~~
    ☐ 1900 - Appearance and Jury Demand/Fee Paid
    ☐ 1909 - Appearance and Jury Demand/No Fee Paid

The undersigned enters the appearance of:    ☐ **Plaintiff**    ☑ **Defendant**

Green Tree
_____
**(Insert Litigant's Name)**

*Adducci, Dorf, Mitchell & B / P.C.* (signature)
**Signature**

☑ **Initial Counsel of Record**    ☐ Pro Se (Self-represented)
☐ **Additional Appearance**    ☐ Substitute Appearance

☑ **ATTORNEY NO.:** 34110    ☐ **PRO SE:** 99500

(Please complete the following contact information.)
Name: Adducci, Dorf, Lehner, Mitchell & Blankenship, P.C.

Atty. for: Defendant

Address: 150 N. Michigan Ave., Suite 2130

City/State/Zip: Chicago, Illinois, 60601

Telephone: (312) 781-2800

> ### *Important*
>
> *Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, facsimile transmission (fax) or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)*

*Strike demand for trial by jury if not applicable.

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
**Attorney for**

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Attorney No. 34110

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
SIXTH MUNICIPAL DISTRICT

DAVID POWELL,

               Plaintiff,

               v.

CONSECO-GREENTREE,

               Defendant.

)
)
)
)
)
)
)
)
)

Case No. 07M5396

### NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    David Powell
        P.O. Box 5282
        Lansing, Illinois 60438

       Please take notice that on November 16, 2007, defendant, Green Tree Servicing LLC filed a Notice of Removal of the above-captioned action with the United States District Court for the Northern District of Illinois, a copy of which is attached hereto.

                                    One of the attorneys for defendant, Green
                                    Tree Servicing LLC

James D. Adducci
Marshall L. Blankenship
Adducci, Dorf, Lehner, Mitchell
 & Blankenship, P.C.
150 North Michigan Avenue, Suite 2130
Chicago, Illinois 60601
312/781-2800

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID POWELL,                                      )
                                                   )
                        Plaintiff,                 )
                                                   )    **JUDGE MANNING**
            v.                                     )
                                                   )          MAGISTRATE JUDGE KEYS
GREENTREE,                                         )
                                                   )    **RECEIVED**
                        Defendant.                 )

                                                        NOV 16 2007

**NOTICE OF REMOVAL**

                                                        MICHAEL W. DOBBINS
        Defendants, Green Tree Servicing LLC (hereinafter, "Defendant"), in the matter of
Powell v. Greentree, originally pending in the Sixth Municipal District, Circuit Court of Cook
County, Illinois ("the Lawsuit"), hereby gives Notice of Removal of said cause to the United
States District Court for the Northern District of Illinois. In support of its Notice of Removal,
Defendant states as follows:

        1.      Plaintiff, David Powell ("Plaintiff"), commenced the Lawsuit against Defendant
in the Circuit Court of Cook County, Illinois. While Plaintiff's *pro se* Complaint is not a model
of clarity, Plaintiff cites to the Fair Credit Reporting Act, 15 U.S.C.A. §1681s-2 ("FCRA"), and
is presumably asserting a claim under FCRA, as well as state law claims for breach of contract
and negligent misrepresentation.

        2.      The United States District Court for the Northern District of Illinois has original
jurisdiction under 28 U.S.C. § 1331 over Plaintiff's FCRA claim asserted in the Lawsuit because
Plaintiff's FCRA claim arises under the laws of the United States, and over Plaintiff's state law
claims pursuant to the principle of pendent jurisdiction.

3.      The action was filed on October 31, 2007 and Defendant received a copy of

Plaintiff's Complaint on or about November 7, 2007. Pursuant to 28 U.S.C. §1446(b), this

Notice of Removal is timely filed in this Court within thirty days after receipt of the Complaint.

No other parties have been named as defendants in this matter

4.      Written notice of the filing of this Notice of Removal will be given to all adverse

parties (i.e., Plaintiff) as required by law.

5.      A true and correct copy of this Notice will be filed with the Clerk of the Circuit

Court of Cook County, Illinois, as required by law.

6.      Defendants file herewith and incorporate by reference a true and correct copy of

all process, pleadings and orders served upon Defendant in the Lawsuit, attached hereto.

WHEREFORE, defendant, Green Tree Servicing LLC, respectfully prays that this notice

effect the removal of this action from the Sixth Municipal District, Circuit Court of Cook

County, Illinois to this Court.

Respectfully submitted,

One of the attorneys for defendant, Green
Tree Servicing LLC

James D. Adducci
Marshall L. Blankenship
Adducci, Dorf, Lehner, Mitchell
 & Blankenship, P.C.
150 North Michigan Avenue, Suite 2130
Chicago, Illinois 60601
312/781-2800

_2_

2120 - Served    2220 - Not Served    2620 - Sec. of State
2121 - Alias Served    Case 1:08-cv-00097    Document 4    Filed 01/07/2008    Page 32 of 67
This form replaces CCM 0646, CCMI 0646, C    0651, CCMD 0648, and CCMD 0649-2 THRU 6    CCM N649-150M-1/21/04 (3335092)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### _____ MUNICIPAL DISTRICT

**Name All Parties**

|  |  |
|---|---|
| _____ **Plaintiff(s)** | **Case No.:** _____ |
| v. | **Amount Claimed $:** _____ |
| _____ **Defendant(s)** | **Return Date:** _____ |
|  | **Status Date:** _____ |
|  | **Trial Date:** _____ |
| _____ **Address of Defendant(s)** | **Time:** _____ **Room:** _____ |

### SUMMONS

**298**

To each Defendant:

YOU ARE SUMMONED and required:

1. To file your written appearance by yourself or your attorney and pay the required fee in:

❑ District 1:  Richard J. Daley Center; 50 West Washington, Room 602; Chicago IL 60602
❑ District 2:  5600 Old Orchard Rd., Rm 136; Skokie, IL 60077     ❑ District 3:  2121 Euclid, Rm 121; Rolling Meadows, IL 60008
❑ District 4:  1500 Maybrook Dr., Rm 236; Maywood, IL 60153     ❑ District 5:  10220 S. 76th Ave., Rm 121; Bridgeview, IL 60455
❑ District 6:  16501 S. Kedzie Pkwy., Rm 119; Markham, IL 60426

on _____ before 9:00 a.m.

2. File your answer to the complaint before 9:00 a.m. as required by the applicable subsections of Paragraph 3 or 4 in the NOTICE TO THE DEFENDANT on the reverse side.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 3 days before the day for appearance.

THERE WILL BE A FEE TO FILE YOUR APPEARANCE. SEE FEES ON THE REVERSE SIDE OF THIS FORM.

**DOROTHY BROWN** OCT 3 1 2007

| | |
|---|---|
| Atty. No.: _____ | WITNESS _____ |
| Name: _____ | |
| Atty. for: _____ | |
| Address: _____ | **DOROTHY BROWN, Circuit Court Clerk** |
| City/State/Zip: _____ | Date of Service _____ |
| Telephone: _____ | (To be inserted by officer on copy left with Defendant or other person) |

**SEE REVERSE SIDE**

** Service by Facsimile Transmission will be accepted at: _____
(Area Code)    (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

APPEARANCE FEES INCLUDE A COUNTY LAW LIBRARY FEE OF $10.00, THE COURT AUTOMATION FEE OF $5.00, A DOCUMENT STORAGE FEE OF $5.00 AND THE MANDATORY ARBITRATION FEE OF $10.00 WHERE APPLICABLE.

**APPEARANCE FEES (BASED ON AMOUNT OF CLAIM) (ALL CASES; NO DISPUTE RESOLUTION CHARGED)**

| | |
|---|---|
| FORCIBLE DETAINER (POSSESSION ONLY) | $110.00 |
| $1,500.00 OR LESS | $110.00 |
| $1,500.00 TO $15,000.00 | $120.00 |
| MORE THAN $15,000.00 | $140.00 |

**JURY FEES ARE AS FOLLOWS:**

CLAIMS FOR DAMAGES NOT IN EXCESS OF $5,000.00
*SIX-PERSON $12.50
*TWELVE-PERSON JURY $25.00 or
$12.50 if another party paid for a jury of six
CLAIMS FOR DAMAGES NOT IN EXCESS OF $15,000.00
*SIX-PERSON $115.00
*TWELVE-PERSON JURY $230.00 or
$115.00 if another party paid for a jury of six
CLAIMS FOR DAMAGES IN EXCESS OF $15,000.00
*TWELVE-PERSON JURY $230.00

*THESE FEES MAY BE WAIVED BY APPROPRIATE COURT ORDER. YOU HAVE THE RIGHT TO FILE A PETITION SEEKING SUCH AN ORDER.

## NOTICE TO PLAINTIFF

You **MUST** select a Return Day of:
Not less than 14 or more than 40 days after issuance of summons if amount claimed is $5000 or less;
not less than 21 or more than 40 days after issuance of summons if amount claimed is in excess of $5000.

## NOTICE TO DEFENDANT

* 1. This case may/may not be heard on the day for appearance specified in the summons.

2. If the complaint is notarized, your answer must be notarized.

3. On the specified Return Day, one of the following may occur:

   a. If you are sued for $5000 or less, you need not file an answer unless ordered to do so by the court.

   (1) If Plaintiff is not present, the case may be dismissed for want of prosecution.

   (2) If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an exparte default judgment against you for the amount claimed.

   (3) If you have filed an appearance and are present on Return Day, trial may be held that day, or may be set for another day certain.

   b. If you are sued for more than $5000, and if you have filed your appearance on time, you must file your answer not later than 10 days after the day for appearance specified above. If you filed your written appearance on or before Return Day, your case will be postponed 21 days to the Default-for-Want-of-Answer Call at 9:00 a.m. If you have filed your answer on time, you need not appear for the Default-for-Want-of-Answer Call. Your case will be postponed for trial on a date certain in a Courtroom designated by the Presiding Judge. If you have not filed your appearance or answer on time, Plaintiff may obtain an exparte default judgment against you for the amount claimed. If plaintiff is not present for the Default-for-Want-of-Answer Call, the case will be dismissed for want of prosecution.

* 4. If the claim is for personal injury, or is a civil case in which Plaintiff has filed a jury demand, you will be required to file your appearance in person or by attorney by Return Day and your answer as required by Par. 3(b) above. These cases will be assigned and heard in the Civil Jury Room _____ unless otherwise ordered by the Presiding Judge. Neither Plaintiff nor Plaintiff's attorney will be required to be present on Return Day, or on Default-for-Want-of-Answer Call. The case will be set for STATUS at 9:00 a.m., 91 days after the Return Day. Plaintiff and Defendant will be required to appear in court on that status day.

5. Late filing of an appearance or answer will not relieve you from a judgment or default order except by court order.

* 6. Trial Rights of Property, Detinues, and Revivals of Judgment, Pro Se, and Forcible Detainer suits are returnable in Room _____ and are disposed of on a Return Day unless otherwise ordered by the court.

* Pertaining to **third district only**.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____
**Plaintiff(s)**

GREENTREE
500 LAND MARK TOWERS
345 ST PETER ST
ST PAUL MN 55102 **Defendant(s)**

No. _O7 M6 5396_

Contract _____

Amount Claimed $ _50,000+C C_

Return Date _____

## COMPLAINT

The Plaintiff(s) claim(s) as follows:

I Mr. David Powell Plantiff Pro-Se Motions the Court under the Civil Rules
of Procedure for the Defendant's Breach of Contract for loan extension on
account No. 147716724 as promised. The Defendant's Negligent Misrepresentation
on an express contract agreement 110.21 contracts has caused the Plantiff undo
hardship. The Defendant has shown the propensity in the past to honor said loan
extensions after the Plantiff's date of disability in which the Defendant has denied
the Plantiff's request for insurance on said account, listed in the exhibits before
the Court . In support of my Motion of Complaint the term wiliful as used in the
Fair Credit Reporting Act by knowingly and intentionaly commiting an act in
concious disregard for the rights of others. Wiggns vs. Equifax D.D.C.1993,848
F.Supp.213. The Plaintiff Prays the Court for relief in this matter for the sanction
as listed and any other means the Court finds equitable and just.

Respectfully Submitted
Mr. David Powell Plantiff Pro-Se

I, ___DAVID POWELL___, certify that I am the ___PLANTIFF___
(Name)                                     (Name of Attorney if applicable)
plaintiff in the above entitled action. The allegations in this complaint are true.

Atty. No.: _____  **Pro Se  99500**  Dated: ___10-31-07___

Atty. (or Pro Se Plaintiff)

Name: _DAVID POWELL Sr_

Address: _PO BOX 5382_

City/State/Zip: _CHICAGO, IL 60452_

Telephone: _708-421-1485_

_____
**Signature**

❏ Under penalties as provided by law pursuant to 735 ILCS 5/1-109
the above signed certifies that the statements set forth herein
are true and correct.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Conseco                                                    December 15th 2000
500 Landmark Towers
345 St. Peter St.
St. Paul, Minn
55102-1641

Director:
This letter is my request of information on your companys policy concerning
disability insurance on boat loans and motorcycle loans.
When the original purchase contract is signed and insurance is taken out, what
party is responsible for these payments?, is it Conseco or does Conseco have
its own insurance carrier for these loans?, or is it the retailers responsibility?
I hope your office can clarify these matters for me.

                                    Thank-You
                                    Mr. David Powell

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (Please Print Clearly) | B. Date of Delivery |
| | C. Signature <br> X | ☐ Agent <br> ☐ Addressee |
| 1. Article Addressed to: <br><br> Conseco <br> 500 LANDMARK TOWERS <br> 345 ST PETER STREET <br> ST PAUL, MINN <br> 55102-1641 | D. Is delivery address different from item 1?   ☐ Yes <br> If YES, enter delivery address below:   ☐ No | |
| | 3. Service Type <br> ☐ Certified Mail   ☐ Express Mail <br> ☐ Registered   ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee)   ☐ Yes | |
| 2. Article Number (Copy from service label) | | |

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

EXHIBIT 2

Mr. David Schwartz                                          April 25th 2007
Greentree Servicing
345 St. Peter Street
St. Paul, Minn 55102

Mr. Schwartz,

I was instructed to write concerning an extension request on my boat loan.
the representative's name is Angela, no last name was given this writer.
I believe she can be located in the loan division. I find this unusual as I in the
past normally would recieve a two month extension simply by requesting it.
There was mention of past litigation, hence her instructions to write you.

I did explain to Angela, that in the past no matter the level of litigation, I was
granted the extension. As of this date the loan payment is 25 days late, in
previous requests I was told the loan had to be 30 days late, upon which the
documents for the two month extension would be sent by fascimile. I am now
wondering if I will be given the same opportunity for said extension, and if not
a reason for any denial of my request herein. My account No. is 147716724,
please inform this writer as to the status of my request.

                                            Thank-You
                                            Mr. David Powell
                                            P.O. Box 5282
                                            Lansing, ILL 60438

Sent V.I.A. U.S. Reg Mail
Receipt No. 7006 0100 0007 0066 8977

EXHIBIT 4

TELEPHONE VOICE MAIL TRANSCRIPTION PLANTIFF'S PHONE
BY CONSECO-GREENTREE EMPLOYEE BETES EXT 33677

THIS MESSAGE IS FOR DAVID POWELL THIS MR BETES WITH
GREENTREE I NEED FOR YOU TO RETURN MY CALL TODAY
AS SOON AS POSSIBLE TODAY IS TUESDAY OCTOBER 30TH
THE NUMBER IS 888 800 9756 EXT 33677 THANKYOU

MESSAGE RECIEVED ON THE 30TH OF OCTOBER PLANTIFF'S VOICEMAIL
REQUESTING THE SAME INFORMATION FOR LOAN EXTENSION



National City Bank
**Munster Office**
9175 Calumet Avenue
Munster, IN 46321
(219) 836-2403

*T-XHIBIT S*

October 30, 2007

Re:  Check by phone completed by David Powell

To:  Greentree (Conseco)

To Whom It May Concern,

This letter is to acknowledge that , I, Tony Santana, verified Mr. Powell's bank account #, and National City Banks routing # for the purpose of paying a check by phone.

I spoke with a representive from Greentree to confirm Mr. Powell's check by phone information.

If you have any questions I can be reached at 219-836-2403 of by email at louis.santana@nationalcity.com.

Sincerely,

Tony Santana
Vice President
Manager
Munster Banking Center

AFFIDAVIT OF MR. DAVID POWELL

I Mr. David Powell being over the age of eighteen and duly sworn do hereby
submit this affidavit and if called to testify on its contents would freely do so
On the 29th of October 2007 I recieved a voicemail message as listed in
exhibit 3, I returned the call and asked the question is it your intent to start
reposession? I was instructed to call Mr. Betes, I informed Angelica I had a
dental appointment. On the October 30th 2007 I called Mr. Betes and informed
I was under Doctors care. mr. Betes went into his request for the same information
previously given to him, Mr. Betes the informed me that a sum of money was to be
sent in the amount of 105.47. I asked Mr. Betes about his guarantee of this loan
extension and reminded him the conversation was witnessed.Mr. Betes ignored
this  Mr. Betes called again and told me he had made a mistake, I was now told
by Mr. Betes I was to remit a sum of 97.56. I again reminded Mr. Betes of his
quarantee of the 25th. Mr. Betes again ignored his promise of a loan extension.

Affiant Further Saith Not
M r. David Powell Plantiff Pro-Se

### AFFIDAVIT OF MR.CARL HASLER

I Mr. Carl Hasler, being over the age of eighteen and duly sworn do hereby
submit this affidavit and if called testify on its contents would freely do so.
On the twentyfourth of October 2007, I was a witness to conversation between
Mr David Powell and an employee of a finance company known as Betes. In
this conversation Mr Powell informed employee Betes no fewer than three times
that I Mr. Carl Hasler would witness this conversation, Betes was clearly aware
of this and commented to Mr Powell [Betes Quote; Don't put me on the spot}
Mr. Powell asked if there were any attempts to repossess his boat and trailer,
and asked Betes the date of his request for a loan extension, {Betes Answer
quote] your loan extension is approved for the twentyfifth of October 07. Mr. Powell
then asked again about reposession {Bates Quote there will be no repo activity.}

Affiant Further Saith Not

Mr. Carl Hasler

*Carl Hasler*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____

**Plaintiff(s)**

v.

No. _____

_____

**Defendant(s)**

TO: _____

MOTION BY _____ FOR _____

I (We) do hereby certify that a copy of this instrument was served upon all parties who have appeared and have not previously been found by the Court to be in default for failure to plead.

Dated: _____, _____    _____

**Attorney Certification**

Atty. No.: _____

Name: _____

Atty. for: _____

Address: _____

City/State/Zip: _____

Telephone: _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

No. _____ 57 m 65396 _____

### ORDER

Atty. No. : _____

Name : _____

Atty. for : _____

Address : _____

City/State/Zip : _____

Telephone : _____

ENTER :

_____

Judge                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CCG N002-200M-4/23/02 [23350095]

## CERTIFICATE OF SERVICE

  The undersigned, one of the attorneys for defendant, certifies that on November 16, 2007, he caused a copy of the foregoing Notice of Removal to be mailed, first-class postage prepaid, to:

       David Powell
       P.O. Box 5282
       Lansing, IL  60438

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, one of the attorneys for defendant, certifies that on November 16, 2007, he caused a copy of the foregoing Notice of Filing of Notice of Removal to be mailed, first-class postage prepaid, to:

> David Powell
> P.O. Box 5282
> Lansing, IL  60438

_____

Attorney Code 34110

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### SIXTH MUNICIPAL DISTRICT

DAVID POWELL,          )
                             )
             Plaintiff,     )     Case No. 07 M6 5396
                             )
             v.             )
                             )
CONSECO-GREENTREE,   )
                             )
             Defendant.   )

### NOTICE OF MOTION

TO:   David Powell
       P.O. Box 5282
       Lansing, Illinois 60438

      PLEASE TAKE NOTICE that on Dec. 19_____, 2007, at 9 00 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Reginald H. Baker, in courtroom 0208 at 16501 South Kedzie Parkway, Markham, Illinois and present, Defendant Green Tree Servicing LLC's Motion to Dismiss Pursuant to 735 ILCS § 2-615, a copy of which is attached hereto.

_____
One of the attorneys for defendant, Green
Tree Servicing LLC

James D. Adducci
Marshall L. Blankenship
Adducci, Dorf, Lehner, Mitchell
 & Blankenship, P.C.
150 North Michigan Avenue, Suite 2130
Chicago, Illinois 60601
312/781-2800

Attorney No. 34110

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
SIXTH MUNICIPAL DISTRICT

DAVID POWELL,                          )
                                       )
                Plaintiff,             )       Case No. 07 M6 5396
                                       )
        v.                             )
                                       )
CONSECO-GREENTREE,                     )
                                       )
                Defendant.             )

FILED-38

2007 DEC -5 PM 1: 26

DOROTHY BROWN
CLERK OF CIRCUIT COURT
CIVIL DIVISION

## DEFENDANT GREEN TREE SERVICING LLC'S
## MOTION TO DISMISS PURSUANT TO 735 ILCS § 2-615

Defendant, Green Tree Servicing LLC ("Green Tree"), by its attorneys and pursuant to

735 ILCS § 2-615, hereby moves to dismiss the Complaint of the plaintiff, David Powell

("Plaintiff") for failure to state a claim.   In support of this motion, Green Tree states as follows:

1.      This is Plaintiff's third *pro se* lawsuit against Green Tree, and like the two before

it, this Complaint arises from a Retail Installment Contract and Security Agreement

("Agreement") which Powell entered into with WaterWerks Boat Sales, Inc. on May 21, 1998,

and which WaterWerks assigned to Green Tree's predecessor-in-interest, Green Tree Financial

Servicing Corporation, that same day.   Plaintiff's most recent lawsuit was dismissed by Judge

Nordberg on September 26, 2006 in the case of *Powell v. Conseco-Greentree*, Case No. 05 C

4284 in the Northern District of Illinois; that case involved allegations that Green Tree refused to

provide Plaintiff with disability insurance after he became disabled.

2.      While Plaintiff's Complaint (a copy of which is attached hereto as Exhibit A) is

anything but clear, Plaintiff appears to be asserting claims for breach of contract and negligent

misrepresentation.

3.      As this Court well knows, "[f]act pleading, as opposed to notice pleading, is required in Illinois; accordingly, a plaintiff must allege *facts* that are sufficient to bring his claim within the scope of a legally recognized cause of action." Teter v. Clemens, 112 Ill. 2d 252, 256, 492 N.E.2d 1340, 1342 (1986) (emphasis supplied).

4.      In this case, Plaintiff's Complaint fails to meet this standard. Indeed, it is unclear from Plaintiff's Complaint exactly what alleged conduct Plaintiff believes was unlawful, why Plaintiff believes the allege conduct was unlawful, how that conduct supports the legal theories alleged, or what relief Plaintiff is seeking.

5.      At best, Plaintiff alleges that Green Tree has in the past given Plaintiff certain loan extensions, and has now denied a further request for extension. Such an allegation simply does not support any recognizable cause of action, whether characterized as breach of contract, or negligent misrepresentation.

WHEREFORE, defendant, Green Tree Servicing LLC, requests that the Court dismiss the Complaint with prejudice.

Respectfully submitted,

One of the attorneys for defendant,
Green Tree Servicing LLC

James D. Adducci
Marshall L. Blankenship
Adducci, Dorf, Lehner,
    Mitchell & Blankenship, P.C.
150 N. Michigan Avenue
Suite 2130
Chicago, IL 60601-7524

2

(312) 781-2800

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Mr. David Powell _____
**Plaintiff(s)**

CitiMCST Dept _____
320 / CMC MCRSE MCORT _____
245 St. PCTER ST _____
ST. PAUL MN 55?/2 **Defendant(s)**

No. _____

Contract _____

Amount Claimed $ 50,000 + C. C

Return Date _____

**COMPLAINT**

DOROTHY BROWN
CLERK OF THE
'07 OCT 31

The Plaintiff(s) claim(s) as follows:

I Mr. David Powell Plantiff Pro-Se Motions the Court under the Civil Rules of Procedure for the Defendant's Breach of Contract for loan extension on account No. 147718724 as promised. The Defendant's Negligent Misrepresentation on an express contract agreement 110.21 contracts has caused the Plantiff undo hardship. The Defendant has shown the propensity in the past to honor said loan extensions after the Plantiff's date of disability in which the Defendant has denied the Plantiff's request for insurance on said account, listed in the exhibits before the Court . In support of my Motion of Complaint the term willful as used in the Fair Credit Reporting Act by knowingly and intentionaly commiting an act in concious disregard for the rights of others. Wiggns vs, Equifax D.D.C.1993,848 F.Supp.213. The Plantiff Prays the Court for relief in this matter for the sanction as listed and any other means the Court finds equitable and just.

Respectfully Submitted
Mr. David Powell Plantiff Pro-Se

I, _____ David Powell _____, certify that I am the _____ Plantiff _____
(Name)                                                                                    (Name of Attorney if applicable)
plaintiff in the above entitled action. The allegations in this complaint are true.

Atty. No.: _____ **Pro Se 99500**

Atty. (or Pro Se Plaintiff)

Name: _____ David Powell _____

Address: _____ PO BOX 5202 _____

City/State/Zip: _____ CHICAGO IL 60680 _____

Telephone: _____ 312-420-1508 _____

Dated: _____ 10-31-07 _____

**Signature**

☐ Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above signed certifies that the statements set forth herein are true and correct.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Conseco                                        December 15th 2000
500 Landmark Towers
345 St. Peter St.
St. Paul, Minn
55102-1641

Director;
This letter is my request of information on your companys policy concerning
disability insurance on boat loans and motorcycle loans.
When the orginal purchase contract is signed and insurance is taken out, what
party is responsible for these payments?, is it Conseco or does Conseco have
its own insurance carrier for these loans?, or is it the retailers responsibility?
I hope your office can clarify these matters for me.

                                        Thank-You
                                        Mr. David Powell

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Conseco
500 Landmark Towers
345 St Peter Street
St Paul, Minn
            55102-1641

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
X                                       ☐ Agent
                                        ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below.        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)

PS Form 3811, July 1999      Domestic Return Receipt      102595-00-M-0052

EXHIBIT 2

Mr. David Schwartz                                          April 25th 2007
Gruentree Servicing
345 St. Peter Street
St. Paul, Minn 55102

Mr. Schwartz;

I was instructed to write concerning an extension request on my boat loan.
the representative's name is Angela, no last name was given this writer.
I believe she can be located in the loan division. I find this unusual as I in the
past normally would recieve a two month extension simply by requesting it
There was mention of past litigation, hence her instructions to write you

I did explain to Angela, that in the past no matter the level of litigation, I was
granted the extension. As of this date the loan payment is 25 days late, in
previous requests I was told the loan had to be 30 days late, upon which the
documents for the two month extension would be sent by fascimile. I am now
wondering if I will be given the same opportunity for said extension, and if not
a reason for any denial of my request herein. My account No. is 147716724,
please inform this writer as to the status of my request.

                                                        Thank-You
                                                        Mr. David Powell
                                                        P.O. Box 5282
                                                        Lansing, ILL 60438

Sent V.I.A. U.S. Reg Mail
Reciept No. 7006 0100 0007 0066 8977



TELEPHONE VOICE MAIL TRANSCRIPTION PLANTIFF'S PHONE
BY CONSECO -GREENTREE EMPLOYEE ANGELICA EXT 34211

HELLO THIS CALL IS FOR DAVID POWELL THIS IS ANGELICA WITH
GREENTREE IT IS VERY IMPORTANT THAT YOU RETURN MY CALL
THIS IS REGARDING AH THE PICKUP OF THE BAYLINER BOAT AND
TRAILER I NEED YOU TO CONTACT ME REGARDING THIS APPOINMENT
MY NUMBER IS 888 800 9756 AND MY EXTENSION IS 34211 IT IS VERY
IMPORTANT THAT YOU RETURN MY CALL THANKYOU

MESSAGE RECIEVED ON THE 29TH OF OCTOBER PLANTIFF'S VOICEMAIL
TO REPOSESS

EXHIBIT 4

TELEPHONE VOICE MAIL TRANSCRIPTION PLANTIFF'S PHONE
BY CONSECO-GREENTREE EMPLOYEE BETES EXT 33877

THIS MESSAGE IS FOR DAVID POWELL THIS MR BETES WITH
GREENTREE I NEED FOR YOU TO RETURN MY CALL TODAY
AS SOON AS POSSIBLE TODAY IS TUESDAY OCTOBER 30TH
THE NUMBER IS 888 800 9756 EXT 33877 THANKYOU

MESSAGE RECIEVED ON THE 30TH OF OCTOBER PLANTIFF'S VOICEMAIL
REQUESTING THE SAME INFORMATION FOR LOAN EXTENSION

**NationalC** 

**National City Bank**
Munster Office
9175 Calumet Avenue
Munster IN 46321
(219) 836-2403

*EXHIBIT S*

October 30, 2007

Re: Check by phone completed by David Powell

To: Greentree (Conseco)

To Whom It May Concern,

This letter is to acknowledge that , I, Tony Santana, verified Mr. Powell's bank account #, and National City Banks routing # for the purpose of paying a check by phone.

I spoke with a representative from Greentree
to confirm Mr. Powell's check by phone information.

If you have any questions I can be reached at 219-836-2403 of by email at
louis.santana@nationalcity.com.

Sincerely,

Tony Santana
Vice President
Manager
Munster Banking Center

AFFIDAVIT OF MR. DAVID POWELL

I Mr. David Powell being over the age of eighteen and duly sworn do hereby
submit this affidavit and if called to testify on its contents would freely do so
On the 29th of October 2007 I recieved a voicemail message as listed in
exhibit 3, I returned the call and asked the question is it your intent to start
reposession? I was instructed to call Mr. Betes. I informed Angelica I had a
dental appointment. On the October 30th 2007 I called Mr. Betes and informed
him I was under Doctors care. mr. Betes went into his request for the same information
previously given to him. Mr. Betes the informed me that a sum of money was to be
sent in the amount of 105.47. I asked Mr. Betes about his guarantee of this loan
extension and reminded him the conversation was witnessed.Mr. Betes ignored
this. Mr. Betes called again and told me he had made a mistake, I was now told
by Mr. Betes I was to remit a sum of 97.56. I again reminded Mr. Betes of his
guarantee of the 25th, Mr. Betes again ignored his promise of a loan extension.

Affiant Further Saith Not
M r. David Powell Plantiff Pro-Se

AFFIDAVIT OF MR CARL HASLER

I Mr. Carl Hasler, being over the age of eighteen and duly sworn do hereby
submit this affidavit and if called testify on its contents would freely do so.
On the twentyfourth of October 2007, I was a witness to conversation between
Mr. David Powell and an employee of a finance company known as Bates. In
this conversation Mr. Powell informed employee Bates no fewer than three times
that I Mr. Carl Hasler would witness this conversation. Bates was clearly aware
of this and commented to Mr. Powell [Bates Quote; Don't put me on the spot}
Mr. Powell asked if there were any attempts to repossess his boat and trailer,
and asked Bates the date of his request for a loan extension. {Bates Answer
quote] your loan extension is approved for the twentyfifth of October 07. Mr. Powell
then asked again about reposession {Bates Quote there will be no repo activity.}

Affiant Further Saith Not

Mr. Carl Hasler

*Carl Hasler*

FAX No. 16U0241/353    P. 02/02

## DEFERRED PAYMENT
### ADDENDUM TO
### CONSUMER FINANCE RETAIL INSTALLMENT CONTRACT
### AND SECURITY AGREEMENT

Fax# 1-800-247-7353
Attn: Heather S.

We the undersigned do hereby agree to the following terms incorporated into the Consumer Finance Retail Installment Contract and Security Agreement (hereinafter "Contract") dated 5/21, 1998 and entered into between ___David N. Powell___ (hereinafter "Buyer") and ___Waterworks Boat Sales, Inc.___ (hereinafter "Seller") and assigned to Green Tree Financial Servicing Corporation (hereinafter "Green Tree") for the purchase of a New 1998 Bayliner Trophy 2052, Mercury 4.3 Motor, Escort ET22GAS Trailer (year, make, model, description of goods).

Buyer(s) agree the first payment due under the contract will be deferred for __120__ days, ("Deferral Period") so that the payments in the amount of $ __296.55__ shall be paid starting approximately __120__ days from the Contract date and will be paid thereafter each month until all the payments have been made.

Buyer(s) further agree the interest stated in the Contract shall begin to accrue on the outstanding unpaid balance of the Contract from the date of the Contract. Therefore, interest will accrue during the __120__ day Deferral Period. Your monthly payments will be allocated to payment of interest accrued during this Deferral Period and any other accrued interest until the accrued interest is repaid. When the accrued interest is repaid, the monthly payments will be allocated to the unpaid principal balance and interest according to the Contract.

This addendum to the Contract will be in full force and effect as of the day signed below. Except as hereby amended, all of the terms of the Contract shall remain in full force and effect.

___5-21-98___
Date

_____
Date

___5-21-98___
Date

_____
Buyer

_____
Buyer

_____
Seller

Thanks!

JUN-19-98 FRI 10:15 AM        17087889799                          P. 01

U1-82-14-501 (1/87)

# RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

Buyer (Name and Address)

1612 185th S
Lansing, IL e .8

Boaterworks at mas, Inc.
18640 S. Cicero
Country Club Hills, IL 60478

"Your" and "your" mean each Buyer above, and each guarantor, jointly and individually.

"We" and "us" mean the Seller above, its successors and assigns.

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the goods (Goods) and services described below. The Goods are sold in their present condition, together with the usual accessories and attachments.

Description of Goods or Services Purchased

| Description of Goods or Services Purchased | Serial or Unit No. | Motor or Cabinet No. | Price of Each Unit |
|---|---|---|---|
| New 1998 Bayliner Trophy 2052 | Serial# USCA19TDK798 | | |
| New 1998 MercCruiser 4.3 Motor | Serial# OL040843 | | |
| New 1998 Escort EZ22GAB Trailer | Serial# 405221A0MM000019 | | |

Description of Other Collateral
(Not household Goods)

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the Amount Financed as disclosed below, plus finance charges accruing on the unpaid balance at the Annual Percentage Rate disclosed below per year from today's date until paid in full. Finance charges accrue on a 365 day basis. You agree to pay this Contract according to the payment schedule shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.
**MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ ___ ___ if you pay this Contract in full before we have earned that much in finance charges.
**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 1,152.50 |
|---|---|---|---|---|
| 10.00 % | $ 26,431.40 | $ 26,951.59 | $ 53,382.99 | $ 54,535.49 |

Payment Schedule: Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 180 | $296.55 | Monthly Payments Beginning 09/ 20/98 |

**Security:** You are giving a security interest in the Goods purchased.
☐ (description of other property) ___

**Prepayment:** If you pay off this Contract early, you may have to pay a Minimum Finance Charge, and you will have to pay an acquisition fee.

**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverage you have chosen to purchase.

Credit Life: Insured ___
☐ Single ☐ Joint Prem $ N/A Term ___
Credit Disability: Insured ___
☐ Single ☐ Joint Prem $ N/A Term ___

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

N/A ___ N/A ___
Buyer Date Buyer Date

N/A ___
Buyer Date

☐ **PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The deductible amount of this insurance may not exceed $ N/A . If you got insurance from or through us you will pay $ N/A for ___ of coverage.

This premium is calculated as follows:
☐ Fire-Theft and Combined Additional Coverage $ N/A
☐ ___ $ N/A
☐ ___ $ N/A

### ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| Goods and/or Services Price | $ 27,951.59 |
| (Including sales tax of $ 1,666.59 ) | |
| Service Contract, Paid to: N/A | |
| Cash Price | $ 27,951.59 |
| Less: Manufacturer's Rebate | $ 1,000.00 |
| Less: Cash Down Payment | $ 152.50 |
| Trade-In Allowance $ -0- | |
| Less: Amount Owing | |
| To: N/A $ -0- | |
| Net Trade-In | $ -0- |
| Total Down Payment | $ 1,152.50 |
| Unpaid Balance of Cash Price | $ 26,799.09 |
| (Cash Price Less Total Down Payment) | |
| Paid to Public Officials - Filing Fees | $ 152.50 |
| Insurance Premiums | $ -0- |
| Paid to Seller - Document Prep Fee | $ -0- |
| To: ___ | $ -0- |
| To: ___ | $ -0- |
| To: ___ | $ -0- |
| To: ___ | $ -0- |
| Total Other Charges | $ 152.50 |
| (Including Amounts Paid to Others on Your Behalf) | |
| Less: Prepaid Finance Charges | $ -0- |
| Amount Financed | $ 26,951.59 |
| (Unpaid Balance of Cash Price Plus Other Charges) | |

**NOTICE TO THE BUYER**
(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to an exact copy of the agreement you sign. (3) Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge.

**BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS RETAIL INSTALLMENT CONTRACT.**

Buyer ___
Signature [signature] 5-21-98
Date

Signature ___
Date

Signature ___
Date

**EXECUTION AND ASSIGNMENT:** This Contract and Security Agreement is executed by the Seller and assigned to Green Tree Financial Servicing Corporation, 332 Minnesota Street, St. Paul, MN 55101; the Assignee, phone 1-800-241-3040. This assignment is made under the terms of a separate agreement.

Seller By [signature] Date 5-21-98

ILLINOIS RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT.
© 1996 Bankers Systems, Inc., St. Cloud, MN, Form GTC-IL-IL 2/96/97

GOODS AND SERVICES - NOT FOR HOME IMPROVEMENT OR MANUFACTURED HOMES

U1-82-14-501 (1/87) (page 1 of 2)

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Goods and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Goods and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH-IN-LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any section or provision of this Contract is not enforceable, the other terms will remain part of the Contract.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not entitle you to default in the future. You agree to pay a $12.00 acquisition fee if you prepay in full. A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Goods purchased and any other collateral described above, and all accessions, attachments, accessories, and equipment placed in or on the Goods or other collateral, together called Property, and proceeds of the Property. Our interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Goods. We may insert the identifying number or marks of the Property and the date of the first installment if the Property is delivered after you sign this Contract.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:

A. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.

B. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.

C. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.

D. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent. You will not permit the Property to become attached to any real estate without providing us an opportunity to preserve our first priority status.

E. You will pay all taxes and assessments on the Property as they become due.

F. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

A. You fail to perform any obligation that you have undertaken in this Contract.

B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs and reasonable attorneys' fees as permitted by a court of law, that we incur to collect or enforce this Contract, and fees for repossession, repair, storage and sale of the Property securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, subject to any right to cure that you may exercise, we have all of the remedies provided by law and this Contract:

A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges when you are in default on the Contract for at least 30 days or if you have abandoned or destroyed the Property or if we have reasonable cause to believe that you are about to leave the state.

B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section.

C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.

E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you or an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the day of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**ARBITRATION:** All disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration by one arbitrator selected by us with your consent. This arbitration agreement is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes through a court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY US (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this agreement. The parties agree and understand that the arbitrator shall have all powers provided by the law and the Contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto the contrary, we retain an option to use judicial or non-judicial relief to enforce a security agreement relating to the property, goods or services secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the property, goods or services or to foreclose on the property, goods or services. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action by judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement, shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by us pursuant to this provision.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through an existing policy or a policy you buy. If you do not provide this insurance, or if you fail to provide us evidence of the insurance, we may purchase this insurance for you, add it to the amount you owe, and charge you interest at the contract rate. If we purchase this insurance, it may be at a rate higher than you could obtain on your own, and it will be for our benefit only.

**COLLATERAL PROTECTION INSURANCE NOTICE:** Unless you provide us with evidence of the insurance coverage required by your agreement with us, we may purchase insurance at your expense to protect our interests in your collateral. This insurance may, but need not, protect your interests. The coverage that we purchase may not pay any claim that you make or any claim that is made against you in connection with the collateral. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained insurance as required by our agreement. If we purchase insurance for the collateral, you will be responsible for the premiums for that insurance, including interest and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The premiums may be added to your total outstanding balance or obligation. The premiums may be more than the premiums for insurance you may be able to obtain on your own.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

A. You must pay this Contract even if someone else has also signed it.

B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.

C. We may release any security and you will still be obligated to pay this Contract.

D. If we give up any of our rights, it will not affect your duty to pay this Contract.

E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate manner, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due, subject to the limitations described in the REMEDIES section.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

© 1996 Bankers Systems, Inc., St. Cloud, MN, Form OTC-SI-CS-IL 1/26/07

G1-83-14-001 (1/97) (page 2 of 2)

# GREEN TREE

Date: 5/26/98

Dear Customer: DAVID M. POWELL

We would like to take this opportunity to welcome you as a customer of Green Tree. As you know we have been selected to handle your new retail installment contract. We are happy to have you as one of our valued customers and want to thank you for this opportunity to serve you.

The Notice of Assignment printed below is for your information. Perhaps you will want to retain it with your copy of the contract for future reference.

Our job is to look after your needs personally and help you in any way we can. If you have any problems or questions about your account, please get in touch with us.

Sincerely,

HEATHER EZENE  82625

## NOTICE

We may communicate information about you to one or more of our affiliate corporations which are owned or controlled by Green Tree Financial Corporation. Under the federal Fair Credit Reporting Act, you have a right to prevent this communication of information about you, except for the communication of information relating solely to your credit transaction with us or our experiences with you. You may direct us not to communicate information about you to our affiliates by sending a written request to the address below.

We may also furnish information about your account to one or more consumer reporting agencies (credit bureaus). If you dispute the accuracy or completeness of information furnished by us, please send a detailed written statement regarding your dispute to:

Green Tree Financial
P.O. Box 64135
St. Paul, MN 55164-0135

## NOTICE OF ASSIGNMENT

_____ ("Green Tree"), has purchased a retail installment contract from
WATERWERKS BOAT SALES, INC. _____. Your contract calls
for __180__ monthly payments of $ __296.55__ beginning _____ 9/25/98 _____.
Payments should be made to Green Tree with the statement and envelope provided to you monthly. All correspondence should be directed to: Green Tree, Consumer Finance Division, 332 Minnesota Street,
Suite 620, St. Paul, MN 55101 _____.

Your account number with Green Tree is __14771672-4__ and should be referenced on all correspondence. If you have not recieved your invoice by the time your first payment is due, please use the following "coupon" and enclosed envelope when sending your initial payment to our office.

........................................ Detach Here for Payment ........................................

# GREEN TREE

|  |  |  |
|---|---|---|
| | | 9/25/98 |
| | | **Due Date** |
| Name | DAVID M. POWELL | |
| | | Payment Amount __296.55__ |
| | | Total _____ |
| Address | 1612 186TH ST | |
| | LANSING          IL 60438 | Account Number __14771672-4__ |

CONSUMER FINANCE - CENTRAL

JCWEL221
GT-35-00-003 (11/87)

**Buyer (Name and Address)**

David N. [illegible]
Aug. 1, [illegible]

"You" and "your" mean each Buyer above, and each guarantor, jointly and individually.

**Seller (Name and Address)**

Country Club Hill   IL 60478

"We" and "Us" mean the Seller above, its successors and assigns.

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement, the goods (Goods) and services described below. The Goods are sold in their present condition together with the usual accessories and attachments.

**Description of Goods or Services Purchased**

| Serial or Unit No. | Make of Cabinet No. | Price of Each Unit |
|---|---|---|
| New 1998 Bayliner Trophy 2052 | Serial# USCA19PDK798 | |
| New 1998 Mercruiser 4.3 Motor | Serial# OL040843 | |
| New 1998 Escort BT22GAB Trailer | Serial# 405222LAOH4000019 | |

**Description of Other Collateral**
(Not household goods)

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the Amount Financed as disclosed below, plus finance charges accruing on the unpaid balance at the Annual Percentage Rate disclosed below per year from today's date until paid in full. Finance charges accrue on a 365 day basis. You agree to pay this Contract according to the payment schedule shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.
**MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ —0— if you pay this Contract in full before we have earned that much in finance charges.
**DOWN PAYMENT:** You also agree to pay, or apply to today's cash price, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED.

**TRUTH IN LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | AMOUNT FINANCED The amount of credit provided to you or on your behalf | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| 10.00 % | $ 26,431.40 | $ 26,951.59 | $ 53,382.99 | $ 1,152.50 $ 54,535.49 |

**Payment Schedule:** Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 180 | $296.55 | Monthly Payments Beginning 09/20/98 |

**Security:** You are giving a security interest in the Goods purchased.
☐ (description of other property)

**Prepayment:** If you pay off this Contract early, you may have to pay a Minimum Finance Charge, and you will have to pay an accrual date fee.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you. If you qualify for coverage. We are quoting below ONLY the coverages you have chosen to purchase.

Credit Life: Insured
☐ Single ☐ Joint  Prem. $ N/A  Term
Credit Disability: Insured
☐ Single ☐ Joint  Prem. $ N/A  Term

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

Buyer N/A  Date   Buyer N/A  Date

Buyer N/A  Date

☐ **PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The deductible amount of this insurance may not exceed $ N/A . If you get insurance from or through us you will pay $ N/A for _____ of coverage.

This premium is calculated as follows:
☐ Fire, Theft and Combined Additional Coverage  $ N/A

**EXECUTION AND ASSIGNMENT:** This Contract and Security Agreement is executed by the Seller and assigned to Green Tree Financial Servicing Corporation, 332 Minnesota Street, St. Paul, MN 55101, the Assignee, phone 1-800-241-3040. This Assignment is made under the terms of a separate agreement.

Seller: By [signature]  Date 5-21-98

**ITEMIZATION OF AMOUNT FINANCED**

| | | |
|---|---|---|
| Goods and/or Services Price (Including sales tax of $ 1,966.59 ) | | $ 27,951.59 |
| Service Contract, Paid to: N/A | | —0— |
| Cash Price | | $ 27,951.59 |
| Less: Manufacturer's Rebate | $ 1,000.00 | |
| Less: Cash Down Payment | $ 152.50 | |
| Trade-In Allowance | $ —0— | |
| Less: Amount Owing To: N/A | $ —0— | |
| Net Trade-In | | $ —0— |
| Total Down Payment | | $ 1,152.50 |
| Unpaid Balance of Cash Price (Cash Price Less Total Down Payment) | | $ 26,799.09 |
| Paid to Public Officials - Filing Fees | | $ 152.50 |
| Insurance Premiums | | —0— |
| Paid to Seller - Document Prep Fee | | —0— |
| To: | | —0— |
| To: | | —0— |
| To: | | —0— |
| To: | | —0— |
| Total Other Charges (Including Amounts Paid to Others on Your Behalf) | | $ 152.50 |
| Less: Prepaid Finance Charges | | —0— |
| Amount Financed (Unpaid Balance of Cash Price Plus Other Charges) | | $ 26,951.59 |

**NOTICE TO THE BUYER**
(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to an exact copy of the agreement you sign. (3) Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS RETAIL INSTALLMENT CONTRACT.

Buyer: [signature]
Signature   Date 5-21-98

Signature   Date

Signature   Date

ILLINOIS RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

GOODS AND SERVICES - NOT FOR HOME IMPROVEMENT OR MANUFACTURED HOMES

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for defendant, certifies that on December 5, 2007, 2007, he caused a copy of the foregoing Notice of Motion and Defendant Green Tree Servicing LLC's Motion to Dismiss Pursuant to 735 ILCS § 2-615 to be mailed, first-class postage prepaid, to:

David Powell
P.O. Box 5282
Lansing, IL  60438

Order                                                    CCG N002-300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

POWELL

v.

CONSECO GREENTREE

No. _07 mb 5396_

## ORDER

This matter coming on for hearing
on defendant's motion to dismiss, notice
having been given, counsel and plaintiff having
been heard and the court being duly
advised in the premises,

It is hereby ordered that:
1. The complaint is stricken,
2. Plaintiff is given leave to file an amended
complaint on or before Dec. 31, 2007,
3. Defendant is to answer or otherwise plead on
or before January 27, 2008,
4. This matter is set for further status on
January 24, 2008
at 9:30 a.m.

Atty. No.: _34110_
Name: _James Adduci_
Atty. for: _defendant_
Address: _150 N. Michigan_
City/State/Zip: _Chicago, IL  60601_
Telephone: _312-781-2800_

ENTERED:

Dated: _____,

Judge                                    Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Order                                    CCG N002-300M-2/24/05 (                          )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

DAVID  POWELL

v.                                    } No. 07 M6 5396

CONSECO - CRESTREE

### ORDER

This matter coming on to be heard
for status,
    It is hereby ordered that this
matter is continued to December 19, 2007
at 10:30 a.m. for presentation of defendant's
motion to dismiss.

Atty. No.: 34110

Name: James A. Adams

Atty. for: defendant

Address: 150 N. Michigan

City/State/Zip: Chicago, IL 60601

Telephone: 312-781-2800

ENTERED:

ASSOC. JUDGE MARTIN E. McDONOUGH

DEC 13 2007

- Circuit Court - 614

Dated: _____, ____

_____            _____
Judge                              Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
SIXTH MUNCIPAL DISTRICT

MR. DAVID POWELL                    )
                                    )
PLANTIFF                            )        CASE NO. 07 M6 5396
                     VS.            )
                                    )
CONSECO-GREENTREE                   )
                                    )
DEFENDANT                           )

### PLANTIFF'S FIRST AMENDED COMPLAINT

I Mr. David Powell submit this amended complaint under the Civil Rule
Procedure, to include all exhibits and statements of the orginal complai

The Plantiff and Defendant entered into a contract on or about May 21st 199
The Plantiff became disabled on or about March 23rd 2000, The Plantiff had In
the past before becoming disabled had requested said disability insurance on
this contract. A Court filing Case No. 03 M6 171 was dismissed stating that
Water Wers Boat sales had assigned all rights to Conseco-Greentree under
contract.

The Plantiff  entered into loan extension contracts with the Defendant since the
Disability in which the Plantiff would request said loanextension contracts and
was granted said requests at once. The Defendant in this matter chose not only
to delay the Plantiff's requests but to bait the Plantiff into defaulting on said loan
for a time period of nearly six month's, causing the Plantiff undo hard ship.
the exhibits list this harrasment, in which the Defendant chose to violate the
provisions of The Amercians with Disabilities Act,Sec.42 U.S.C.12203 which
states in part Prohibition Against Retalation--- No person shall discriminate
against any individual who has made a charge, testified, or particpated under
this Act. The Defendant chose to violate the Fair Debt Collection Act and the
provisions under The Fair Credit Reporting Act, by not granting the Plantiff's
reguest for loan extension which can be construed has a historical record and
relationship of express or implied contracts.(Holmes mirror image contract law)

The Plantiff in seeking relief filed in the Northern District Of Illinois in which
said filing was set for status before Hon Judge Shadur, and became lost for
nearly a year and was assigned to Hon Judge Nordberg, in which said
complaint was dismissed for improper filing. In addition the Defendant claims
for pre bankrupcty protection and subsequent protection of Bankruptcy as
filed iwith the Court clearly shows a high level of incompetent and negligent
coroporate failure has the Defendant hiding behind there responsibility to the
Plantiff for request for said insurance under Bankruptcy Law.

the Defendant's request for dismissal as stated line item 4, cannot stand as
The Plantiff quotes Rule 8{a}{2}. short and plain statement of claim shall not
be dismissed as long as it is intelligible and gives said notice of relief and
claims. Bennet vs. Schmidt 153 f.3d 516-518 (7th Cir.1998).
In addition the Defendant's requests for dismissal shall be denied under Rule
8 (a)(2) The Plantiff must set forth enough details to provide the Defendant
with a fair idea of the complaintand grounds for recovery,Ryan vs. Mary-

Immaculate Queen Ctr. 188 F.3d 857,859-860(7thCir.1999). In addition the
Plantiff seeks protection under The Eleventh Amedment of The United States
Constitution, in which a request for dismissal cannot stand.

The Defendant caprioously and arbitrairly has furthered breach of the contract
of 1998, by refusing to send proper biling for the past three months. Which
the Plantiff states this ongoing harassment and retaliation is evident in action

The Plantiff Prays the Court for relief as stated in the orginal complaint and any
other means the Court finds equitable and just.

Respectfully Submitted
Mr. David Powell

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for defendant, certifies that on January 7, 2008, he caused a copy of the foregoing Second Notice of Removal to be mailed, first-class postage prepaid, to:

David Powell
P.O. Box 5282
Lansing, IL  60438