IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID POWELL, | ) |
|        Plaintiff, | ) |
| | ) Case No. 08 C 0097 |
| v. | ) |
| | ) Judge Manning |
| GREENTREE, | ) Magistrate Judge Keys |
|        Defendant. | ) |

**DEFENDANT GREEN TREE SERVICING LLC'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant, Green Tree Servicing LLC ("Green Tree"), by its attorneys and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Complaint of the plaintiff, David Powell ("Powell"). In support of this motion, Green Tree states as follows:

1. This is Plaintiff's third *pro se* lawsuit against Green Tree, and like the two before it, this Complaint arises from a Retail Installment Contract and Security Agreement ("Agreement") which Powell entered into with WaterWerks Boat Sales, Inc. on May 21, 1998, and which WaterWerks assigned to Green Tree's predecessor-in-interest, Green Tree Financial Servicing Corporation, that same day. Plaintiff's most recent lawsuit was dismissed by Judge Nordberg on September 26, 2006 in the case of *Powell v. Conseco-Greentree*, Case No. 05 C 4284 in the Northern District of Illinois; that case involved allegations that Green Tree refused to provide Plaintiff with disability insurance after he became disabled.

2. Plaintiff commenced the present suit against Green Tree in the Circuit Court of Cook County, Illinois. Green Tree timely removed the case to this Court on November 15, 2007. The Court thereafter remanded the case to state court, finding that the Complaint only attempted to allege state law claims for breach of contract and negligent misrepresentation.

3.      On December 28, 2007, in response to Defendant's motion to dismiss his Complaint, Plaintiff filed his First Amended Complaint, a copy of which is attached hereto as Exhibit A. While still not a model of clarity, the Amended Complaint made clear that Plaintiff is now attempting to assert federal claims under the Americans with Disabilities Act, 42 U.S.C. § 12203 ("ADA"), the Fair Debt Collection Act, 15 U.S.C. § 1692 ("FDCA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), and the Eleventh Amendment of the United States Constitution. Accordingly, Defendant timely removed the action to this Court again.

4.      The U.S. Supreme Court has recently clarified the standard to be applied to a Rule 12(b)(6) motion to dismiss as follows:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations… a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do… Factual allegations must be enough to raise a right to relief above the speculative level…

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 2007 U.S. LEXIS 5901.

5.      In this case, Plaintiff does not even engage in a "formulaic recitation of the elements" of any particular cause of action, let alone meet the *Twombly* standard of pleading sufficient facts to "raise a right to relief above the speculative level." Indeed, Plaintiff has not pled any facts which fit the elements for claims under the ADA, FDCA, FCRA, or the Eleventh Amendment, or under any state law legal theories.

6.      At best, Plaintiff alleges that Green Tree has in the past given Plaintiff certain loan extensions, and has now denied a further request for extension. Such an allegation simply does not support any recognizable cause of action, whether characterized as a violation of federal law or breach of contract.

7.      Moreover, while it is not entirely clear, Plaintiff appears to be asserting a claim which, at least in part if not entirely, was already dismissed by Judge Nordberg and, if so, that dismissal is *res judicata* to Plaintiff's claim here. Specifically, the fourth paragraph of the Amended Complaint suggests that this claim is a re-filing of Case No. 05 C 4284, which case was previously dismissed by Judge Nordberg. Although Plaintiff now characterizes that dismissal as being "for improper filing," in fact the case was dismissed on the merits and Judge Nordberg held that "plaintiff's claims in the case are barred by the orders of the Bankruptcy Court." A copy of Judge Nordberg's dismissal order dated September 27, 2006 is attached hereto as Exhibit B.

Thus, Plaintiff's claim is barred under the doctrine of *res judicata* by the prior dismissal.

WHEREFORE, defendant, Green Tree Servicing LLC, requests that the Court dismiss the Complaint with prejudice.

Respectfully submitted,

/s/ Marshall L. Blankenship
One of the attorneys for defendant,
Green Tree Servicing LLC

James D. Adducci
Marshall L. Blankenship
Adducci, Dorf, Lehner,
   Mitchell & Blankenship, P.C.
150 N. Michigan Avenue
Suite 2130
Chicago, IL 60601-7524
(312) 781-2800

IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
SIXTH MUNCIPAL DISTRICT

| | | |
|---|---|---|
| MR. DAVID POWELL | ] | |
| PLANTIFF | ] | CASE NO. 07 M6 5396 |
| VS. | ] | |
| CONSECO-GREENTREE | ] | |
| DEFENDANT | ] | |

### PLANTIFF'S FIRST AMENDED COMPLAINT

I Mr. David Powell submit this amended complaint under the Civil Rules Procedure, to include all exhibits and statements of the orginal complaint.

The Plantiff and Defendant entered into a contract on or about May 21st 1999, The Plantiff became disabled on or about March 23rd 2000, The Plantiff had in the past before becoming disabled had requested said disability insurance on this contract. A Court filing Case No. 03 M6 171 was dismissed stating that Water Wers Boat sales had assigned all rights to Conseco-Greentree under contract.

The Plantiff entered into loan extension contracts with the Defendant since the Disability in which the Plantiff would request said loanextension contracts and was granted said requests at once. The Defendant in this matter chose not only to delay the Plantiff's requests but to bait the Plantiff into defaulting on said loan for a time period of nearly six month's, causing the Plantiff undo hard ship. the exhibits list this harrasment, in which the Defendant chose to violate the provisions of The Amercians with Disabilities Act,Sec.42 U.S.C.12203 which states in part Prohibition Against Retalation--- No person shall discriminate against any individual who has made a charge, testified, or particpated under this Act. The Defendant chose to violate the Fair Debt Collection Act and the provisions under The Fair Credit Reporting Act, by not granting the Plantiff's reguest for loan extension which can be construed has a historical record and relationship of express or implied contracts.(Holmes mirror image contract law)

The Plantiff in seeking relief filed in the Northern District Of Illinois in which said filing was set for status before Hon Judge Shadur, and became lost for nearly a year and was assigned to Hon Judge Nordberg, in which said complaint was dismissed for improper filing. In addition the Defendant claims for pre bankrupcty protection and subsequent protection of Bankruptcy as filed iwith the Court clearly shows a high level of incompetent and negligent coroporate failure has the Defendant hiding behind there responsibility to the Plantiff for request for said insurance under Bankruptcy Law.

the Defendant's request for dismissal as stated line item 4, cannot stand as The Plantiff quotes Rule 8{a}{2}. short and plain statement of claim shall not be dismissed as long as it is intelligible and gives said notice of relief and claims. Bennet vs. Schmidt 153 f.3d 516-518 (7th Cir.1998).
In addition the Defendant's requests for dismissal shall be denied under Rule 8 (a)(2) The Plantiff must set forth enough details to provide the Defendant with a fair idea of the complaintand grounds for recovery,Ryan vs. Mary-

EXHIBIT A

Immaculate Queen Ctr. 188 F.3d 857,859-860(7thCir.1999). In addition the Plantiff seeks protection under The Eleventh Amedment of The United States Constitution, in which a request for dismissal cannot stand.

The Defendant capricously and arbitrairly has furthered breach of the contract of 1998, by refusing to send proper biling for the past three months, in which the Plantiff states this ongoing harassment and retaliation is evident in action

The Plantiff Prays the Court for relief as stated in the orginal complaint and any other means the Court finds equitable and just.

Respectfully Submitted
Mr. David Powell

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 4284 | **DATE** | 9/27/2006 |
| **CASE TITLE** | David Powell vs. Conseco-Greentree | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss is granted.

■ [ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

### STATEMENT

Before the Court is defendant Green Tree Servicing LLC's motion to dismiss plaintiff's first amended complaint. Green Tree argues, among other things, that plaintiff's claims, which arise out of a 1998 purchase of a boat and the subsequent assignment of a retail installment contract in 2000, are barred by the December 2002 Chapter 11 filing of Conseco Servicing and related companies. In the Conseco Bankruptcy, the Bankruptcy Court entered certain orders which among other things barred the pre-sale claims arising from the conduct of Conseco Servicing. Green Tree now argues that plaintiff's claim for breach of contract is based on pre-bankruptcy conduct and is barred by the orders of the Bankruptcy Court and therefore should be dismissed. Green Tree has submitted a 7-page brief and numerous documents to support its claim. Plaintiff, who is proceeding pro se, has been given two opportunities to file a response brief and has not filed one. This Court has reviewed the arguments set forth by Green Tree and agrees that plaintiff's claims in this case are barred by the orders of the Bankruptcy Court. Accordingly, defendant's motion to dismiss is granted.



EXHIBIT
B

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for defendant, certifies that on January 8, 2008, he caused a copy of the foregoing Notice of Motion and Defendant Green Tree Servicing LLC's Motion to Dismiss First Amended Complaint to be mailed, first-class postage prepaid, to:

> David Powell
> P.O. Box 5282
> Lansing, IL 60438

/s/ Marshall L. Blankenship