IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID POWELL, <br><br> Plaintiff, <br><br> v. <br><br> GREENTREE, <br><br> Defendant. | Case No. 08 C 0097 <br><br> Judge Nordberg <br> Magistrate Judge Keys |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff David Powell, by and through his undersigned appointed counsel, respectfully requests that this Court deny Defendant Green Tree's motion to dismiss, and in support states the following.

**I.     INTRODUCTION**

Plaintiff David Powell ("Powell"), by his Second Amended Complaint ("SAC"), has brought suit against Green Tree Servicing, LLC ("Green Tree") for negligent misrepresentation and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* On August 1, 2008, Green Tree filed a motion to dismiss (the "Motion") the SAC for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). At this stage in the proceedings, Green Tree must show that Powell has not alleged any set of facts that would allow this Court to grant relief or, stated differently, that Powell's allegations, *if true*, fail to state a claim. Green Tree does not attempt to meet this burden. Instead, Green Tree attacks the underlying merits of Powell's claims.[1] Because it is well-settled that such arguments are premature and inappropriate to consider when deciding a motion to dismiss, and because the SAC does state a claim, the Motion must be

---

[1] Green Tree also attacks Powell himself. Green Tree's *ad hominem* attack on Mr. Powell, in which Green Tree labeled Mr. Powell a "serial litigator," is entirely unnecessary and irrelevant to its motion to dismiss.

denied.

**II.    LEGAL STANDARD**

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all of the plaintiff's factual allegations as true and draw all reasonable inferences in his favor.  *See, e.g., McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see also Nitezke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations.").  The plaintiff "need not plead facts; he can plead conclusions . . . [if] the conclusions . . . provide the defendant with at least minimal notice of the claim."  *Kyle v. Morton High Sch.*, 144 F.3d 448, 455 (7th Cir. 1998); s*ee also Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) ("[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").  The issue is not whether the plaintiff ultimately will prevail, but whether it is clear from the pleadings that the plaintiff can prove no set of facts that would entitle him to relief.  *See Nietzke*, 490 U.S. at 327.

**III.    ARGUMENT**

    **A.    Powell States a Claim in Count One of the SAC for Negligent Misrepresentation.**

Powell claims in Count One of the SAC that Green Tree negligently misrepresented that he had received a loan extension and that he was damaged as a result of this misrepresentation.  As an initial matter, to state a claim for negligent misrepresentation, a plaintiff must allege:

> (1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damage; and (6) a duty on the party making the statement to communicate accurate information.

*First Midwest Bank N.A. v. Stewart Title Guar. Co.,* 218 Ill.2d 326, 334-35, 843 N.E.2d 327, 332 (2006).  Powell properly alleges each of these elements.  (*See* SAC at ¶¶ 29-34.)  Nevertheless,

Green Tree asserts that Powell's claim for negligent misrepresentation should be dismissed because: (a) Green Tree is not in the business of supplying information and therefore owes Powell no duty (Mot. at 4-6); (b) Powell has not alleged reasonable reliance (Mot. at 6); and (c) Powell cannot recover emotional distress damages (Mot. at 6-7). As explained below, each of these arguments fails.

> *1. Whether Green Tree Owes Powell a Duty to Avoid Negligent Misrepresentations Is a Question of Fact, and The Evidence Will Show Green Tree Owed Powell Such a Duty.*

Green Tree first contends that it is not in the business of supplying information because the information it provides "is clearly ancillary to Green Tree's business." (Mot. at 5.) As Green Tree's own citation to *Haimberg v. R&M Aviation*, 5 F. App'x. 543, 548 (7th Cir. 2001) makes clear, this inquiry cannot be conclusively determined as a matter of law. *See id.* ("A precise, case-specific inquiry is required to determine whether a particular enterprise is in the business of supplying information for the guidance of others in their business transactions.") (internal quotations omitted). Indeed, "such an inquiry generally requires further factual development . . . and often is not appropriate for consideration on a motion to dismiss." *Dahm v. First Am. Title Ins. Co.*, No. 06 C 5031, 2008 WL 1701901, at *3, (N.D. Ill. Apr. 9, 2008). Here, Green Tree's bare assertion that it does not owe Powell a duty clearly provides no basis for dismissal because the nature of Green Tree's business is a fact-based, case-specific inquiry, which cannot be adjudicated at the motion to dismiss stage.

In any event, the evidence will show that Green Tree in fact is in the business of supplying information for the guidance of others in their business transactions. The Illinois Supreme Court's test "is whether or not the end product of the relationship . . . is a tangible object (*i.e.*, a product) which could be readily described in a contract or whether it is intangible." *Tolon & Son v. KLLM Architects,* 308 Ill.App.3d 18, 28, 719 N.E.2d 288, 296 (1999).

Accordingly, "if the intended end result of the plaintiff-defendant relationship is for the defendant to create a product, a tangible thing, then the defendant will not fit into the 'business of supplying information' negligent misrepresentation exception." *Id.* Here, the intended result of the relationship between Powell and Green Tree is not tangible. Specifically, the intended result of the relationship is payment of a loan. To obtain this result, Green Tree provided Powell with information about the status of the loan and the terms of repayment. Thus, the evidence will show that Green Tree is in the business of supplying information and accordingly owed a duty toward their customers to avoid making negligent misrepresentations.

  *2. Powell Properly Alleged Reasonable Reliance.*

  Green Tree next claims that Powell did not reasonably rely on Green Tree's misrepresentations. (Mot. at 6.) Powell, however, specifically alleges reasonable reliance. (SAC at ¶ 33.) Green Tree's argument thus fails because, at this stage, nothing more is required. *See Kyle v. Morton High Sch.*, 144 F.3d at 455.

  Nevertheless, Green Tree attacks the reasonableness of Powell's reliance because Powell did not receive a form after the approval of the last request for a loan extension, while he had received this form on prior occasions. While Green Tree's argument fails because Powell's allegation must be accepted as true, it also fails because a reasonable person in Powell's position could have believed that he received an extension when Green Tree's agent verbally agreed to grant the extension.

  *3. Powell Properly Alleged Damages.*

  Finally, Green Tree takes issue with the damages that Powell alleges he suffered as a result of its negligent misrepresentation. (Mot. at 7-8.) Again, Green Tree ignores that it must accept the allegations in the SAC as true and that Powell has alleged damages resulting from

Green Tree's negligent misrepresentation.  (SAC at ¶ 34.)  Indeed, Powell alleged that he suffered economic harm and emotional distress resulting from Green Tree's negligent misrepresentation.  (*Id.*)  At this point, this allegation is sufficient because it provides Green Tree with notice of Powell's claim.  *Kyle v. Morton High Sch.*, 144 F.3d at 455.

While Green Tree acknowledges that Powell may have suffered "minimal" damages, (Mot. at 8), it argues that *Brogan v. Mitchell Int'l*, 181 Ill.2d 178, 692 N.E. 276 (1998) forecloses the possibility of emotional distress damages resulting from a negligent misrepresentation.  (Mot. at 7.)  Green Tree's reliance on *Brogan* is misplaced.  In *Brogan*, the Illinois Supreme Court held that an allegation of emotional distress is insufficient to establish *a duty* to avoid a negligent misrepresentation.  181 Ill.2d at 185, 692 N.E.2d at 278.  Here, by contrast, Powell has alleged a separate, independent basis for the establishment of a duty on the part of Green Tree – namely, that Green Tree is in the business of providing information to its customers.  Accordingly, reliance on *Brogan* is unavailing because that case addresses only whether infliction of emotional distress gives rise to a duty to avoid a negligent misrepresentation, not whether damages for emotional distress are recoverable.

**B.  Powell Adequately States Claims for Violations of the FCRA.**

Powell also alleges in Counts Two and Three of the SAC that Green Tree willfully and negligently violated Section 1681s-2(a)(7) of the FCRA by failing to provide adequate notice to Powell before reporting to two credit reporting agencies that he made a late payment.  Green Tree contends that Powell's claim must be dismissed "because Green Tree provided the required notice."  (Mot. at 8.)  In essence, Green Tree argues that dismissal is appropriate because it contests Powell's factual allegation that no notice was provided.

This argument again ignores the well-settled rules for adjudicating a motion to dismiss

under Rule 12(b)(6). Green Tree argues that Powell's allegations should be dismissed because they are not factually accurate. Such an argument cannot be asserted in a motion to dismiss because all allegations are presumed true at this stage in the proceedings, *e.g., McMillan v. Collection Prof'ls, Inc*., 455 F.3d at 758, and Powell properly has alleged that Green Tree failed to provide Powell with proper notice. (SAC at ¶ 24.)

Moreover, Green Tree asserts that a form warning sent to Powell on December 11, 2004, negates all liability for subsequent unnoticed negative reporting, forever. (Mot. at 10.) It remains to be seen, however, whether this notice by itself is sufficient to comply with Section 1681s-2(a)(7), and whether Green Tree established reasonable procedures for compliance consistent with its obligations under the FCRA. At present, Green Tree's entire argument for dismissal of Powell's FCRA claims relies on the alleged factual inaccuracy of Powell's allegations. Thus, the Motion should be rejected.

## IV. CONCLUSION

For all these reasons, Powell respectfully requests that this Court deny the Motion.

Dated: September 4, 2008                    Respectfully submitted,


                                            By: /s/ Gregory S. Otsuka
                                            Richard A. Chesley
                                            Gregory S. Otsuka
                                            Christian M. Auty
                                            Paul, Hastings, Janofsky & Walker LLP
                                            191 North Wacker Drive
                                            30th Floor
                                            Chicago, IL  60606
                                            (312) 499-6000


                                            ATTORNEYS FOR DAVID POWELL

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Plaintiff, certifies that on September 4, 2008, he caused a copy of the foregoing Response to Defendant's Motion to Dismiss to be mailed, first-class postage prepaid to:

>James D. Adducci
>Marshall L. Blankenship
>Adducci, Dorf, Lehner, Mitchell & Blankenship, P.C.
>150 North Michigan Avenue
>Suite 2130
>Chicago, IL  60601
>(312) 781-2800


>/s/ Gregory S. Otsuka
>One of the Attorneys for Defendant
>DAVID POWELL

LEGAL_US_E # 80766881.1